RICHARD LEDBETTER *vs.* J. I. OSBORNE.

1. Where a judgment was obtained before a Justice of the Peace, and docketed' in the office of the Superior Court Clerk. The Court has no power upon motion, to set aside said judgment, and enter the cause upon the civil issue docket.

2. If a party has merits and desires a new trial in the Superior Court, upon a matter heard before a Justice of the Peace, he must by a proper application, obtain a writ of *recordari* as a substitute for an appeal. The writ of *recordari* and not *certioari* is the proper remedy, the Justice's Court not being a Court of record.

This was an application based upon a petition, to set aside a judgment, heard before Cannon, Judge, at Fall Term 1871, of Henderson Superior Court.

The facts stated in the case sent to this Court seem to be as follows: The plaintiff Ledbetter was indebted to one Noah Henry as administrator, as surety for one William Henry. He was sued by said administrator before a justice of the peace. The trial was postponed for a few days, shortly after the suit was brought, the note was transferred to J. I. Osborne. The warrant was amended, and suit carried on in Osborne's name, judgment was obtained before the Justice of the Peace. This judgment was docketed in Henderson and Buncombe counties. After the judgment was docketed, and execution about to issue from the Superior Court, Ledbetter filed a petition before His Honor, Judge Cannon, asking for an injunction, "and that said judgment may be opened and placed upon the civil issue docket as an appeal." A restraining order was granted.

The petition set forth facts tending to show surprise, and charging that advantage had been taken of petitioners ignorance of law, &c.

The case being heard before His Honor, the petition was dismissed, and plaintiff Ledbetter appealed.

*No Counsel* for plaintiff.
*J. II. Merrimon* for defendant.

DICK, J.  A judgment in a Justice's Court does not create a lien upon the property of the defendant.  To have this effect a transcript of the judgment must be filed, and docketed in the office of the Superior Court clerk of the county, where the judgment rendered.  C. C. P., sec. 503.

This proceeding places the judgment on the judgment docket of the Superior Court to create a lien and for the purposes of execution, and in this respect only is it a judgment of the Superior Court.  The record of proceedings and the original papers in the cause remain in the Court of the Justice, and the case can only be regularly carried to the trial docket of the Superior Court by appeal.

This application is in the nature of a motion in the cause to set aside the judgment and grant a new trial upon the merits. The motion was properly refused by His Honor, as the case was *corone non judice*.  If the plaintiff has merits, and has not been guilty of unreasonable *laches*, he may upon a proper application obtain a writ of *recordari* as a substitute for an appeal.  The writ of *recordari* is the proper remedy, and not a *certiorari*.  A Justice's Court is an inferior court of limited jurisdiction, not proceeding according to the course of common law, and although a justice is required to keep a docket and enter his proceedings, this does not constitute his court a court of record.  When an appeal is taken from his judgment, he does not send up a duly certified transcript of record as the foundation of the action of the appellate Court, but he is also required to file the original papers in the cause.  C. C. P., sec. 537, 540.

PER CURIAM.                              Judgment affirmed.