## E. NYE HUTCHISON vs. J. V. SYMONS.

Under sections 264 and 266, C. C. P., there is a distinction made in the requirements for proceedings supplementary to execution, where the execution is returned *unsatisfied*, and where the execution is issued, but before its return; in the former case, an affidavit that the execution has been *returned unsatisfied*, and that the defendant has property, or choses in action, which ought to be subjected, is sufficient to warrant the proceedings; in the latter, the affidavit should show that the debtor has no property which can be reached by execution, and that he has property, or choses in action, which he unjustly refuses to apply to the satisfaction of the judgment.

The purpose of the Code was, to give proceedings supplementary to execution, only in case the debtor has no property liable to execution, or to what is in the nature of the execution, to wit, proceedings to enforce a sale.

The proper construction of the act of 1812, in relation to the sale of trusts and equities of redemption under execution, discussed by *Pearson, C. J.*

Where a judgment was rendered in one County, and docketed in another, proceedings supplementary to execution should be instituted in the County in which the judgment was rendered, as the action is pending in that County until the judgment is satisfied.

[*McKeithan* v. *Walker*, 66 N. C. 95, *Ledbetter* v. *Osborne*, *Ibid* 379, *Martin* v. *Duplin County*, 64 N. C. 65, and *Williams* v. *Rockwell*, *Ibid* 325, cited and approved. *Glover* v. *Pool* 2 Dev. 129, commented upon and not approved.]

*Proceedings supplementary to execution*, heard before *Cloud*, *J.*, at Chambers, in June, 1872, upon appeal from an order of the Clerk of the Superior Court of DAVIDSON.

A judgment was rendered before a Justice of the Peace, in favor of the plaintiff, against the defendant, for $289.62, in the county of Mecklenburg, on the 2d December, 1870, and docketed in the Superior Court of that county a few days thereafter, and also in the Superior Court of Davidson. Execution having been issued, and returned "unsatisfied," the plaintiff, on the 15th of December, 1871, made affidavit before the Clerk

of the Superior Court of Davidson, as a foundation for these proceedings. The affidavit, after reciting the judgment, and its being docketed as aforesaid, sets forth that " an execution upon said judgment against the property of the defendant, the said James V. Symons, was, on the 13th day of December, 1870, duly issued to the sheriff of Davidson county, and of Mecklenburg, county, where the said defendant, J. V. Symons, before then resided, and that the sheriff has returned said execution entirely unsatisfied, and that said judgment still remains unpaid, and that Wm. Lottin, Lindsey Gardner, M. S. Loftin, Turner Harris, and Henderson Adams as adm'r of J. F. Rodman, has property of the judgment debtor, and are indebted to him, defendant, more than $10."

Thereupon an order was issued by the said clerk for the examination before him of said Loftin and others, in relation to their indebtedness to the defendant. Wm. Loftin and said Adams were accordingly examined, and Loftin admitted indebtedness to the defendant to the amount of $97.75 and interest. Whereupon the clerk ordered " that S. F. Watkins be appointed receiver of the property and articles of defendant, judgment debtor, and that said receiver be invested with the usual rights and powers of receivers." From this order the defendant appealed to the Judge of the Court.

His Honor, Judge Cloud, adjudged that the proceedings be quashed, because the affidavit fails to set forth that the defendant has no property liable to execution, out of which any portion of plaintiff's execution can be satisfied; and the plaintiff appealed.

*Blackmer & McCorkle,* for the plaintiff.
*Bailey* and *Fowle,* for the defendant.

The affidavit is not sufficient:

1st. Because it does not appear therefrom that the defendant " had no known property liable to execution," which has been

decided to be the criterion in *McKeithan* v. *Walker*, 66 N. C. 95.

2d. Because the proceeding is auxilliary to the main action, and should have been instituted in the Court where the original judgment was obtained. As analogies on this point, we cite *Martin* v. *Deep River Co.*, 64 N. C. 653, in which it was held that a motion to vacate, &c., must be made in the Court where the judment remains. To the same effect is *Williams* v. *Rockwell, ibid* 325, also *Foster* v. *Woodfin*, 65 N. C. 29.

In the late case of *Ledbetter* v. *Osborne*, 66 N. C. 379, it was held that a motion to vacate a Justice's judgment docketed in the Superior Court must be made before the Justice, notwithstanding the terms of Sec. 503, C. C. P.

Sec. 266 is in *pari materia* with Sec. 266, C. C. P., with reference to the point under consideration.

PEARSON, C. J. We concur with the ruling in the Court below, not on the ground that the affidavit is insufficient, but on the ground that the supplemental proceedings should have been had in the county of Mecklenburg, where the original judgment was rendered.

1. By *sections* 264, 266, C. C. P., a marked distinction is made between the mode of taking out supplemental proceedings after the execution is returned " unsatisfied," and the mode of taking out such proceedings after the execution is issued, but *before* its return.

In the latter case, such extraordinary proceedings will not be ordered, unless a necessity for it is made to appear by an affidavit that the debtor has no property which can be reached by the execution, and that he has property or choses in action, or things of value, "*which he unjustly refuses to apply to the satisfaction of the judgment.*"

In the former case, an affidavit that the execution has been " returned unsatisfied," is sufficient to show a necessity for extraordinary proceedings ; and to induce the action of the Court it is only necessary to say just the further fact, on knowledge or

HUTCHISON *v.* SYMONS.

information, that the debtor has property, choses in action or things of value which ought to be subjected to the payment of the judgment.

In our case the affidavit sets out the fact that executions to the Sheriffs of both the County of Davidson and the County of Mecklenburg had been returned "unsatisfied;" this is sufficient to show a necessity for extraordinary proceedings. The affidavit further sets out that Loftin, Adams and others are indebted to the judgment debtor. This is sufficient to show that the supplementary proceedings will result in something useful to the ends of justice, and that the aid of the Court is not invoked for an idle purpose. The ruling against the sufficiency of the affidavit is put on the authority of *McKeithan* v. *Walker*, 66, N. C. 95. True, in that case, the execution was returned "unsatisfied," but the return also sets out a levy upon the resulting trust of Walker in certain land, subject to the payment of the creditors secured by a deed of trust.

The Court holds, that the purpose of the Code was to give supplemental proceedings only in case the debtor has no property liable to execution, or to *what is in the nature of* execution, viz: *proceeding to enforce its sale.* And so, if the debtor has property on which the creditor has acquired a lien, it must be shown either by a sale of the property, or by affidavit that the property is insufficient in value to satisfy the debt; otherwise the application for supplemental proceeding has no sufficient ground to rest on ; for it does not appear that the debt will not be made out of the property bound by the execution, and so a resort to the extraordinary proceedings is not shown to be necessary. In that case, the return showed there was land subject to the execution, by proper proceedings to enforce it. In this case the return is, "This execution is unsatisfied," within the very words of Section 264 C. C. P., clause 1, which, for the purpose of this proceeding, is in legal effect, "no goods or chattels, lands or tenaments to be found." This authorizes supplemental proceedings. Note the diversity

between our case and that of *McKeithan* v. *Walker*, and note further, that the inadvertence in failing to notice that, in that case, land had been levied on, for which it was necessary to account, by affidavit of its insufficiency before supplemental proceedings could be applied for, whereas in this case it does appear that the debtor has no property that can be reached by the ordinary proceedings, might have led to a misapprehension of the law; such as occurred in *Glover* v. *Pool*, 2 Dev. 129, where the Court, lamenting the evil consequences of the decision, and confounding the distinction between " a trust " and an " equity of redemption," feels itself obliged to follow *Harrison* v. *Battle*, 2 Dev. Eq. 537, without adverting to the fact, that in that case, *all of the debts, secured by the deed of trust, had been satisfied by the sale of the personal estate*, and the debtor had an unmixed trust, which was the subject of execution; and so all, that is said about how it would have been in case the debts secured by the deed of trust, had remained unsatisfied, is "*obiter*," but by inadvertence was allowed to give a wrong direction to subsequent decisions, by which the plain distinction between a trust and an equity of redemption is confounded, notwithstanding that the statute of 1812, by having two distinct sections, takes care to prevent this confusion, and treats a trust and an equity of redemption as two separate and distinct things.   In buying the one, the purchaser at execution sale gets only a right to have the legal estate, on payment of the amount secured by the mortgage; in buying the other, the purchaser acquires the legal title by force of the sheriff's deed.   A purchaser of the legal estate, *without notice*, takes subject to an equity of redemption; for it is in the nature of a *condition*, and is annexed to the land.   A purchaser of the legal estate *without notice* takes discharged of a trust, for it is a personal confidence not annexed to the land.   *Glover* v. *Pool*, leaves nothing for the 1st. section of the act of 1812 to operate upon.   A resulting trust, in land conveyed to be sold for the payment of debts, is an equity of redemption and

may be sold under the 2d. section. By parity of reasoning, the equitable estate of a vendee of land, the purchase money remaining unpaid, has " an equity of redemption." ! ! !

This construction, as we have seen, made upon an " obiter,'' draws everything under the 2d Section of Act of 1812, and leaves nothing for the 1st Section to operate on.

2. We are of opinion that the proceedings ought to have been taken out, as supplemental to the judgment, in the County of Mecklenburg, where the original judgment was rendered. The effect of docketing a judgment in another county is not to make *a case there*, but merely to give a lien upon all of the real estate of the debtor situate in that county, and to give notice of this lien by the record. The regulation is new to our law, and was introduced by C. C. P., on the idea that the condition of the land in a county in respect to the *liens* that are upon it, should appear on the record, in the same way that the condition of the land in a county in respect to the *title* appears by the Register's books.

This regulation contemplates a system of *liens of record* for debts, constituted by judgments docketed, which may stand over for years.

The people of this State have not heretofore been in the habit of suing, except when the creditor intends to make the money as soon as the law will allow ; and it may be doubted whether this new regulation will be of much utility, as constituting a permanent lien for the security of debts, by way of investment ; but it is the duty of the Courts to carry out the will of the law-makers as far as it has been expressed. That we are disposed to do, without, however, feeling that we are called upon to extend the provisions, in regard to docketing judgments, beyond the object which the statute has plainly in view.

Giving to the several sections of C. C. P. a full consideration, we are satisfied that it was not the object to join to the fact of " docketing a judgment " any other effect than to constitute

11

" *a lien of record* " on all the of the real estate of the debtor, then owned by him or which he might thereafter acquire in said county, and the right to have it sold by the sheriff under execution issued by the Court of that county. This seems to be clear. How, then, can it be contended that the object of C. C. P. was to constitute a case in *two or more counties*, in either of which counties motions may be made as on a case pending, as if the same case could be pending in two counties at the same time? We can impute no such absurdity to the C. C. P. The provision is, " *the case* " *remains of record* in the Court of the county in which the original judgment was rendered. Judgments are allowed to be docketed in other counties, for the purpose of giving a lien on the real estate of the debtor, which he owns at the time or may thereafter acquire, in that county; but all motions in the cause must be made in the Court where the case is pending. It is pending until the judgment is satisfied in the county where it is rendered. So, in this case, motion for supplemental proceedings could not be made in the Court of the county of Davidson, for no case was pending in that county, but the case is pending in the Superior Court of the County of Mecklenburg; for it is provided by Sec. 503, C. C. P., the judgment of a Justice of the Peace, when docketed in the Superior Court, shall be a judgment of that Court *in all respects.* So here we have a case originating before a Justice of the Peace of the county of Mecklenburg, but now pending in the Superior Court of that county for all the purposes of execution.

This view, that the case is pending only in the Superior Court of the county where the judgment was originally rendered, although for the purpose of a lien, the judgment may be docketed in many other counties, is made clear by the provision, Sec. 254, " All executions, issuing upon judgments docketed in a county other than that in which the original judgment was rendered, shall be returned to the Court from which they issued, the return noted on the docket, and the

HUTCHISON *v.* SYMONS.

executions transmitted to the Clerk of the Court in which the original judgment was taken;" showing that "the finale" is to be exhibited upon the record of the Court of the county in which the judgment was originally rendered, and where the case is deemed to be pending until the judgment is satisfied.

In coming to this conclusion, we pursue the analogy furnished by *Martin* v. *Duplin Co.*, 64 N. C. 65, where it is held, a motion to vacate cannot be made in a county where a judgment is docketed, but must be made in the county where the judgment was originally rendered ; for the reason that the case is pending and remaining upon the record of the Court of that county.    *Williams* v. *Rockwell, ib.* 325.

In *Ledbetter* v. *Osborne*, 66 N. C. 379, it is held, although the docketing of a Justice's judgment in the Superior Court has the effect of making it a judgment of the Superior Court for the purposes of a lien and of having execution, still it remains a judgment of the Justice's Court, and a motion to vacate will not lie in the Superior Court, and the *case* can only be taken up to the Superior Court by appeal, or writ of *recordari*.

But the broad words of Sec. 503 makes it a judgment of the Superior Court of the county *in which it was rendered*, for all the purposes of having execution after it is regularly docketed.

No error.

PER CURIAM.                          *Venire de novo.*