SAMUEL R. BIRDSEY v. WILLIAM HARRIS.

A Judge has no power to set aside a judgment granted by a justice of the peace, which had been docketed in the Superior Court of the county where the same was obtained. Much less has a Judge of another judicial district any power to set aside or interfere with a similar judgment, though the same is likewise docketed in the Court of a county within his district, and execution issued from that Court.

( (*Ledbetter* v. *Osborn*, 66 N. C. Rep. 379; *Hutchison* v. *Symons*, 67 N. C. Rep. 161.)

MOTION to vacate and set aside an order, enjoining the collection of sundry executions in favor of the plaintiff and against the defendant, heard before *Clarke, J.*, at the Fall Term, 1871, of Wilson Superior Court.

The plaintiff obtained, before a Justice of the Peace in the county of New Hanover, on the 29th June, 1871, judgments against the defendant for certain sums in three seprate actions and for costs. On the same day the plaintiff obtained from the justice transcripts of the judgments, and had the same duly docketed by the clerk of the Superior Court of New Hanover county. A few days afterward, the plaintiff sends a transcript of the record of the New Hanover Superior Court to the clerk of the Superior Court of Wilson county, who also dockets the judgments in his office, and issues executions thereupon. The executions being levied upon the property of the defendant, he applies to Judge Clarke at Chambers on the 4th July, 1871, for an order to restrain the collection of the executions, &c. His Honor,

upon the affidavits of the defendant and others, granted an order notifying the plaintiffs to appear before him on the 14th of July, and show cause why the judgments and executions should not be vacated and set aside, and also giving notice to the sheriff to appear at the same time with, the executions, &c. His Honor on the 14th of July, granted. the motion of the defendant, set aside the judgments and executions, and restrained the sheriff from proceeding further under them ; and ordered further, that the papers be returned to the clerk of the Superior Court of Wilson county, and the plaintiff be notified to appear at the Fall Term thereafter of said Court, and show cause why the order should not be made final. The plaintiff appeared as notified, filed an affidavit, and moved to vacate the order above set out; which motion was refused.

His Honor ordered the " cause to be transmitted to the clerk of the Superior Court of New Hanover county, to be submitted upon issues to a jury," &c., from which order the plaintiff appealed.

*L. W. Barringer*, for the appellant.

1. The restraining order was irregular, as the plaintiff did not have notice. C. C. P., sec. 345. *Foard* v. *Alexander* 64 N. C. Rep. 71.

2. If the plaintiff has any remedy it is an appeal from the Justice's judgment. *Froneberger* v. *Lee*, 66 N. C. Rep. 333.

3. His Honor had no power to make the order. *Ledbetter* v. *Osborne*, 66 N. C. Rep. 379.

4. The Judge had no jurisdiction of the matter, as the judgment was obtained out of his circuit. *Martin* v. *Deep River Co.*, 64 N. C. Rep. 653. *Howes* v. *Mauney*, 66 N. C. Rep. 218, *Hutchinson* v. *Symons*, 67 N. C. Rep. 161.

No counsel in this Court, contra.

SETTLE, J.   The plaintiff's counsel, Mr. L. W. Barringer insisted upon the argument that the record disclosed several defects, any one of which was fatal to the defendant's case in this Court.

Without pausing to consider his other objections, the authorities cited to sustain the last are so directly in point as to enable us to dispose of the case in a few words.

The foundation of these proceedings is a judgment of a Justice of the Peace of New Hanover county, docketed first in the office of the Superior Court Clerk of that county, and then regularly transmitted to, and docketed in the office of the Superior Court Clerk of Wilson county.

New Hanover is in the 4th and Wilson is in the 3d district.   So the Judge of the 3d district, upon motion, undertook to set aside a judgment originally docketed in the 4th district, and ordered "the cause to be transmitted to the Clerk of the Superior Court of New Hanover county, to be submitted upon issues to a jury and to be placed upon the docket of said court, to be tried in the due course and order of the said court, or to abide the orders of the Judge of the 4th Judicial district."

The Judge of the 4th district, in which the original judgment was rendered, could not have made this order, and certainly the Judge of another district cannot do so.

In *Ledbetter* v. *Osborne*, 66 N. C. Rep. 379, it is held, that where a judgment was obtained before a Justice of the Peace, and docketed in the office of the Superior Court Clerk, the Court has no power upon motion, to set aside said judgment and enter the cause upon the civil issue docket.   If a party has been aggrieved in a trial before a Justice of the Peace, and has been denied the right of appeal, he may obtain relief by a writ of *recordari.*

But waiving all difficulties which may be suggested as to a Justice's judgment, and assuming, for the argument, that the judgment was originally rendered in the Superior Court; still the defendant has mistaken the county in which he should have sought relief.

In *Hutchinson* v. *Symons,* 67 N. C. Rep. 161, Chief Justice PEARSON reviews all the cases upon the subject, and shows conclusively that a case cannot be constituted in two or more counties, at the same time, in either of which motions may be made, as on a case pending. The case remains of record in the court of the county in which the original judgment was rendered, and all motions in the cause must be made in that court; and it is pending until the judgment is satified in the county where it is rendered.

Let it be certified that there is error, to the end, &c.

PER CURIAM.                    Judgment reversed.