R. H. CANNON v. A. W. PARKER.

*Judgment Liens—Priority of Creditors—Execution Sale—Application of Proceeds.*

1. The effect of a sale under a junior judgment is to pass the debtor's estate encumbered with the lien of an older docketed.judgment; and of a sale under both, to vest the title in the purchaser, and transfer the liens, in the same order of priority, to the proceeds of sale.

2. The sheriff must observe these priorities, of which he has notice upon the face of the executions, in paying out the money to the respective creditors.

3. The time of contracting the debts on which the several judgments were

obtained, and the dates of issuing and levying the executions, are wholly immaterial.

(*Ledbetter* v. *Osborne*, 66 N. C., 379 ; *Birdsey* v. *Harris*, 68 N. C., 92 ; *Murchison* v. *Williams*, 71 N. C., 135 ; *Sharpe* v. *Williams*, 76 N. C., 87, cited and approved.)

MOTION of a Sheriff for instructions as to the proper application of funds in his hands, heard at Spring Term, 1879, of JACKSON Superior Court, before *Gudger, J.*

On the 14th of September, 1878, the plaintiff obtained a judgment against the defendant, on a debt contracted prior to 1868, before a justice of the peace, which was duly docketed in the superior court on the 13th of January, 1879, and on same day an execution was issued and levied on defendant's land, and the land sold on the 15th of May, 1879:

On the said day, to-wit, the 14th of September, 1878, William Cope and Jesse Estis, administrators of Andrew Cope, obtained a judgment against same defendant, A. W. Parker, on a debt contracted prior to 1868, before a justice, which was docketed in the superior court on the 31st of October, 1878, (prior to the docketing of this plaintiff's judgment) and on the 26th of February, 1879, an execution was issued and levied on same land, (after the levy made under plaintiff's execution).

After the sale the sheriff came into court and asked to be instructed how to apply the money.

The plaintiff insisted that the debt being contracted prior to 1868, the oldest levy created a lien, without regard to the time of docketing the judgment, and that the proceeds of sale should be applied to the satisfaction of his debt. But the said administrators maintained that docketing their judgment prior to the time of docketing plaintiff's, gave them a prior lien without reference to the dates of the levies, and that the money should be applied to their debt.

His Honor held that the date of docketing the judgment was the time from which the lien took effect, and instructed

21

the sheriff to pay the money to said administrators. From this ruling the plaintiff appealed.

*Messrs. A. T. & T. F. Davidson,* for plaintiff.

No counsel in this court for the administrators.

SMITH, C. J. The judgment of a justice of the peace may be docketed in the office of the superior court clerk of the county wherein it is rendered, and then become a "judgment of the superior court in all respects." Execution thereon shall issue "to the sheriff of the county and shall have the same effect and be executed in the same manner as other executions of the superior court." C. C. P., § 503.

It is, however, a judgment, when thus docketed in the superior court, only for the purpose of creating a lien on the debtor's real property in the county and enforcing satisfaction by final process. It cannot be impeached, set aside or modified by proceedings before the superior court, except by writ of *recordari* removing the cause to a higher jurisdiction. *Ledbetter* v. *Osborne,* 66 N. C., 379; *Birdsey* v. *Harris,* 68 N. C., 92. The lien extends to the real property which the debtor then has in the county, and such as he may thereafter acquire for the period of ten years from the time of docketing. C. C. P., § 254; *Murchison* v. *Williams,* 71 N. C., 135, and other cases preceding.

The effect of a sale under a junior judgment is to pass the debtor's estate encumbered with the lien of an older judgment: and of a sale under both, (as we understand this to be) to vest the title in the purchaser and transfer the liens in the same order of priority to the proceeds of the sale. *Sharpe* v. *Williams,* 76 N. C., 87. The sheriff must observe these priorities, of which he has notice upon the face of the executions, in paying out the money to the respective creditors. The times of issuing and levying the executions are wholly immaterial. The administrators of Andrew Cope

are therefore entitled to be first paid out of the fund, and the plaintiff out of any residue which may remain. There is no error and the judgment must be affirmed.

No error. Affirmed.