B. F. MORTON and another v. LEONARD RIPPY and another.

*Judgment, vacation of.*

A justice's judgment docketed in the superior court is for the purpose of execution there, and that court has no power to set it aside unless the *cause* be carried up by appeal or writ of *recordari*. A judgment can be vacated only by the court which rendered it.

(*Ledbetter* v. *Osborne*, 66 N. C., 379; *Birdsey* v. *Harris*, 68 N. C., 92; *Broyles* v. *Young*, 81 N. C., 315; *Cannon* v. *Parker*, *Ib.*, 320, cited and approved.)

MOTION for leave to issue execution heard at Fall Term, 1880, of ALAMANCE Superior Court, before *Eure, J.*

A judgment recovered by the plaintiffs against the defendants before a justice of the peace was docketed in the superior court of Alamance on March 1st, 1869, and execution issued thereon on the 22d. It does not appear that any other ever issued. On the 22d of March, 1879, on application of the plaintiffs a notice signed by the clerk was delivered to the sheriff and made known to the defendants the next day reciting the motion for leave to issue execution on the judgment and appointing April 3d as the time when at his office the motion will be passed on and leave given unlest cause be shown to the contrary. The motion was allow-

ed and upon the defendants' appeal the ruling of the clerk reversed. Upon the hearing before His Honor evidence was admitted to show the proceedings had before the justice and the irregularities and errors committed in rendering the judgment, the facts of which are found and set out in the transcript sent to this court, but not necessary to an un-.derstanding of the opinion. His Honor thereupon declared the justice's judgment to be "void and of no effect; that the transcript and docketing thereof does not constitute a proper judgment .in the superior court," and adjudged that it be cancelled and the defendant recover his costs, and the plaintiffs appealed.

*Mr. E. S. Parker*, for plaintiffs.
*Mr. James E. Boyd*, for defendants.

SMITH, C. J. We do not concur in the ruling of the court that the judgment of the justice upon a matter within his general jurisdiction could be thus impeached, and the docketing thereof upon the transcript in regular form in the superior court assailed and avoided as a defence to an application for leave to enforce it. This is admissible only before the tribunal which tried the cause and gave the judgment. Such, it has .been repeatedly held, is the orderly and only mode of procedure for relief against it. The judgment and the original papers in the cause remain in the court of the justice, notwithstanding the sending up the transcript and docketing in the superior court for the purpose of execution there. The cause itself can only be removed to that court by appeal or a writ of *recordari* as its substitute. *Ledbetter* v. *Osborne*, 66 N. C., 379. Speaking of this case in delivering the opinion in *Birdsey* v. *Harris*, 68 N. C., 92, SETTLE, J. says: "It is there held that when a judgment was obtained before a justice of the peace and docketed in the office of the superior court clerk, the court has no power upon motion to set aside said judgment and enter the cause upon the civil

issue docket. If a party has been aggrieved in a trial before a justice of the peace and has been denied the right of appeal he may obtain relief by a writ of *recordari*." In a more recent case DILLARD, J. declares that the judgment of the justice, although docketed in the superior court, remains " in that court *with power only in the justice in certain cases to entertain motions in the cause looking to a vacation or modification of the judgment.*" *Broyles* v. *Young*, 81 N. C., 315. So in *Cannon* v. *Parker*, *1b.*, 320, it is said that a justice's judgment " cannot be impeached, set aside or modified by proceedings before the superior court except by writ of *recordari* removing the cause to a higher jurisdiction." These references are sufficient to show the want of authority in the court to entertain the enquiry into the proceedings had before the justice for the purpose of vacating his judgment, or annulling the force and effect of the transcript upon which it was docketed for any of the reasons assigned.

But it was urged in the argument, that inasmuch as the aid of the court is asked to revive a dormant judgment it is competent to show its character and the circumstances attending its rendition, as a reason for refusing the order necessary for its enforcement. But the plaintiffs are demanding a legal right, not a relief which the court may allow or withhold in the exercise of a reasonable discretion, the removal of an impediment, interposed by the lapse of time to the suing out of process to compel payment.

As the transferred judgment cannot be attacked in the superior court, being but subsidiary and deriving its vitality from that rendered before the justice, so and upon the same grounds no defence will be heard in opposition, based upon its supposed invalidity, to the plaintiffs' application for reviving it.

We have confined ourselves to the only exception presented in the record and refrained from considering the effect of the lapse of time upon the lien created by docket-

ing the judgment in the superior court, and upon the operation of the statute of limitations upon the present motion.

These questions are not before us on the appeal and will arise only when the motion is to be acted on hereafter. C. C. P., Sections 254, 31 and 32.

There is error, and this will be certified.

Error.                                                          Reversed.