F. D. KOONCE v. D. M. BUTLER and others.

*Practice—Motion to vacate Judgment—Erroneous—Irregular.*

1. Upon a motion to vacate a judgment, it appeared that defendant was not served with process, but that opposite the names of the defendants in the action (this defendant being one of them) the name of an attorney was written on the docket, and judgment was taken by default in 1863, of which the complaining defendant had no notice until 1879;

---

---

*Held,* that he is entitled to relief, and the fact that the clerk prior to this motion gave plaintiff leave to issue execution upon his dormant judgment, after notice, does not conclude him from impeaching its validity for irregularity or other cause, in a proper proceeding before the judge of the court.

2. Remarks of SMITH, C. J., upon erroneous and irregular judgments, and the authority of an attorney to appear for a party.

(*Wolfe* v. *Davis,* 74 N. C., 597; *Doyle* v. *Brown,* 72 N. C., 393; *University* v. *Lassiter,* 83 N. C., 38; *Sanderson* v. *Daily, Ib.,* 67; *Weaver* v. *Jones,* 82 N. C , 440, cited and approved.)

MOTION to vacate a judgment heard, in a case pending in JONES Superior Court, at Chambers in Wilson on the 9th of March, 1880, before *Avery, J.*

The court allowed the motion and the plaintiff appealed.

*Messrs. Allen & Isler,* and *J. B. Batchelor,* for plaintiff.
*Mr. W. W. Clark,* for defendant.

SMITH, C. J.   Upon the evidence the court finds that the defendant, John A. Guion, who moves to set aside the judgment recovered by the plaintiff against himself and others at fall term, 1863, of the superior court of law of Jones, as to himself, was not served with process, nor had he any notice of the institution of the suit or of the rendition of the judgment until the month of November, 1879.   The motion is opposed by the plaintiff upon the two-fold ground that the defendant war represented by counsel in the original action, and that, upon notice and after hearing evidence, the clerk, prior to the present application, gave the plaintiff leave to sue out execution upon his dormant judgment, thereby concluding him from impeaching its validity for irregularity or other cause.   The legal sufficiency of these objections, which were overruled in the court below, is presented in the appeal.

The distinction between erroneous and irregular judgments, and between such as are voidable, is thus clearly

traced by READE, J: "An erroneous judgment is one rendered according to the course and practice of the courts, but contrary to law; as where it is for one party, when it ought to be for another, or for too little or too much. An irregular judgment is one contrary to the course and practice of the court, as a judgment without service of process." *Wolfe* v. *Davis*, 74 N. C., 597. Again, "a judgment rendered against a defendant who has never been served with process, nor appeared in person or by attorney, is not voidable, but void; and it may be so treated, whenever or wherever offered without any direct proceeding to vacate it. The reason is that the *want of service of process and want of appearance are shown by the record itself whenever it is offered.* It would be otherwise if the record showed service of process or appearance, when in fact there had been none. In such case the judgment would be apparently regular, and would be conclusive until by a direct proceeding for the purpose it is vacated." *Doyle* v. *Brown*, 72 N. C., 393.

The concluding words of the first citation are qualified and explained in the more explicit statement of the doctrine in the latter. The rule governs when applied to the record of a judicial proceeding in the same state, but it is held that when offered in evidence in an action pending in a tribunal of a different state, it may be shown by parol that the attorney named in the record, and appearing for a party, never had authority to do so, and that notwithstanding the recital he is not bound thereby. This Mr. WEEKS says may be considered settled, and as not contravening that portion of the federal constitution which declares that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." Constitution, Art. 4, § 1; Weeks on Attorneys, 358.

The supreme court of the United States have extended the doctrine to the record of a circuit court, produced as evidence in an action in a circuit court in another state, and

permitted the want of authority of an attorney professing to act for a party to be proved in order to defeat its otherwise conclusive effect. *Hill* v. *Mendenhall*, 21 Wallace, 163.

The judge does not himself ascertain the facts in reference to the alleged representation of the defendant by attorney, but annexes a transcript of the docket in which the cause is entered, leaving to us to interpret its meaning and effect. From this it appears that on the appearance docket where the cause is stated, the initials "J. F. W." are written against the defendant's name. And this memorandum is found in the space intended for the abstract of the pleas or defence: "Butler pleads specially the late stay act of the general assembly. The defendant D. M. Butler craves until the next term of this court to plead."

At fall term, 1863, the name G. C. Woodley, substituted in place of the initials, appears against the names of the defendants, and the further entry: "Judgment final by default according to specialty filed for principal due 1st September, 1860, $1,506, interest to November 2d, 1863, $286.14 and costs." No actual defence seems to have been made on behalf of the complaining defendant, although, as His Honor finds, the draft, the subject matter of the suit had been paid by the payee to the defendant, his endorsee, and the payee had afterwards fraudulently transferred it to the plaintiff, without cancelling the names of the succeeding endorsees.

We cannot regard this loose and imperfect record as concluding the defendant against any claim for relief, even upon the strictest rules which have been recognized as governing in cases of unauthorized appearances of counsel, when no process has been served, and no subsequent assent has been given, or can reasonably be implied, as collected in *University* v. *Lassiter*, 83 N. C., 38. In that case, service had been made and the defence faithfully conducted by the attorney of record for all. The practice of vacating a judgment ren-

dered against one never properly made a party to the action, although represented on the record by attorney, where application is made in apt time, and under circumstances warranting the exercise of the power, is recognized in *Weaver* v. *Jones*, 8ᴢ N. C., 440, although the motion was denied, and the court say: "When the facts are ascertained, the vacating or refusing to vacate a judgment, is not a matter of uncontrolled discretion, but of legal right, and herein the judge correctly held, upon the case made in the application, the record was not successfully impeached." The citations in *University* v. *Lassiter* were intended to call attention to the ruling elsewhere, and to show to what extent the appearance of an attorney, professing to have, but in fact possessing no authority and who had conducted the cause, had been carried in giving authority to the record, and placing the validity of the action of the court in the cause beyond the reach of contradiction and impeachment for such reason. We cannot attach such consequences to the mere entry of a name, when the appearance may have been for the principal defendant only, as seems to have been intended by initials marked at the appearance term, and nothing further in the premises for the protection of the defendant, Guion, was done or attempted, and judgment then rendered by default. We think, therefore, the court did not err in regarding this objection insufficient.

It is further contended for the appellant that the action of the clerk in awarding execution was an adjudication sustaining the judgment and estopping the defendant from now assailing its regularity and legal force. This position would be entirely correct if it was now proposed to set up any defences relied on, or which could have been and ought to have been set up in opposition to the motion for leave to issue execution. This is fully settled by the case cited by the counsel (*Sanderson* v. *Daily*, 83 N. C., 67,) and rests upon round reason. The order that authorizes execution to issue

and awakes the sleeping judgment to new life and activity, is an adjudication of the insufficiency of the grounds upon which it is resisted, and as to them and whatever other grounds could have been urged in opposition, the order becomes *res adjudicata*, but its effect is only to restore and relieve the former judgment upon which the execution issues, and obviously any defect which could not then be made available is not thereby cured, but the judgment is revived with the force and effect it originally possessed and relieved from an infirmity resulting from lapse of time. The judgment upon its face is not void, but regular and proper, and consequently was not open to the extrinsic proof of its irregularity in the proceedings before the clerk. The judge of the superior court alone, in the exercise of primary and exclusive jurisdiction, could vacate and set it aside; and this, the proper legal method of impeachment, is pursued in the proceeding under review.

It must therefore be declared, that there is no error and the judgment is affirmed.

No error.                                          Affirmed.