*HINSON & CUMMING v. ADRIAN & VOLLERS.

*Mortgage, forelosure of—Parties.*

In foreclosure proceedings, all the mortgagees and judgment creditors as well as the mortgagor should be made parties, in order to a full adjustment of the rights of each.

(*Cannon* v. *Parker*, 81 N. C., 320, cited and approved.)

CIVIL ACTION tried at Fall Term, 1881, of ANSON Superior Court, before *Graves J.*

The plaintiffs, Hinson & Cumming, having recovered several judgments against the defendant, Knotts, have caused the same to be docketed in January, 1878, in the counties of Anson and Union.   Their co-plaintiffs, Aaron & Rheinstein, having also recovered judgments, against the

*Ashe, J., having been of counsel did not sit on the hearing of this case.

same debtor in the superior court of New Hanover in the same month, transmitted a transcript thereof to the same counties, and caused them to be docketed in Anson county, in February, 1878, and in Union county in April, 1880. They unite in the present action to enforce a foreclosure and sale of lands of the debtor, lying in both the counties last mentioned, which had been in 1876 conveyed by deed of mortgage to the defendants, Adrian & Vollers, to secure a large indebtedness then due them, reduced, as stated in their answer and computed to May 16, 1881, to the sum of two thousand seven hundred and forty-six dollars and fifty cents. They assent to the foreclosure and sale.

The defendant, Knotts, while in his answer he demands proof of some of the allegations of the complaint, and denies none in the form prescribed in the Code, not disavowing "any knowledge or information thereof sufficient to form a belief," (§ 100) proceeds to state that after the execution of the mortgage and prior to the liens acquired by the docketed judgments, he made a second mortgage to R. T. Bennett and conveyed to him his equity of redemption in the same lands to secure a debt due to the said Bennett which is still unadjusted.

While upon a strict construction of the rules of pleading under the new system, the averments in the complaint may not be legally controverted, issues, not appearing in form in the record, were submitted to the jury and found in favor of the plaintiffs. Just before the trial was entered upon, the defendant, Knotts, filed an affidavit in which he recites a further indebtedness to other creditors, who also have docketed judgments and liens upon the debtor's equitable estate in the lands, and one of which, belonging to Wittkowski & Rintels for about five hundred dollars, has precedence of the plaintiff's liens. He asks that these creditors be made parties to the action as interested in the sale, and disposition of the fund. The application was de-

nied, but in the rendition of judgment, after the verdict, for the sale of the lands, unless the debts were paid within a limited time, an account is directed to be taken of the several liens upon the lands, their amounts and priorities. From this judgment the defendant, Knotts, alone, appeals.

*Mr. John D. Shaw*, for plaintiffs.
*Messrs. Burwell & Walker, contra.*

SMITH, C. J., after stating the above. While there is some diversity of opinion as to the practice in requiring the presence of prior and posterior mortagees in a foreclosure suit, the preponderance of authority favors the propriety, if not the necessity of their being parties, in order to a full and final adjustment to all the equities involved. The following rule is laid down by a writer on the subject, which seems reasonable and just:

In general all incumbrancers, as well as the mortgagor ought to be made parties to a bill of foreclosure, and that, whether they are prior or subsequent incumbrancers; those prior, because their rights are paramount to the foreclosing party; those subsequent, because their interests would otherwise be concluded without any opportunity to assert or protect them. Welf. Eq. Pl., 50; Mitf. Eq. Pl., 194; 2 Mad. Ch. Pr., 188; Story Eq. Pl., § 72; *Winchester* v. *Beaver*, 2 Ves., 313.

This would seem to result from the fact that the subordinate and inferior liens are, by the sale, transferred from the *corpus* to the fund into which it is thus converted, with their respective priorities unimpaired, and must be then asserted and settled in its distribution. *Cannon* v. *Parker*, 81 N. C., 320. More especially should the second mortgagee be before the court, because his mortgage debt intercepts what remains of the fund after discharging the first mortgage, before it reaches any of the plaintiff's demands, and

must be first satisfied. The Code has not in this respect changed the practice in courts of equity.

We think the second mortgagee, whose interest is set up in the answer of Knotts, and not (as in respect to the other creditors) in an affidavit offered just as the jury trial begins, ought to be made a party, and the decree of sale suspended until he is served with notice and has opportunity to come in and assert his claim ; and perhaps the same course should be pursued toward all the judgment creditors who have liens, in order that the rights of each may be adjusted in the action, and all controversies among them ended in the apportionment of the moneys arising from the sale. The court recognizes the propriety of their presence before final distribution, in the provision in the decree for a reference and account, but it is more appropriate they should be before the court when the decree of sale is made, and be heard, if they have aught to say against its being made, or as to its terms, and at least before the sale is confirmed. The verdict will remain. The judgment was therefore premature and must be reversed at the costs of the appellees, plaintiffs, and remanded for further proceedings in the court below.

Error.                                                    Reversed.