### J. M. BAILEY v. W. H. HESTER.

*Courts of Justices of the Peace—Jurisdiction—Judgment—Payment—Officer.*

1. While the Courts of Justices of the Peace are not, strictly speaking, Courts of record, they possess and may exercise many of the powers of such tribunals, *e. g.*, they may recall executions improperly issued, and cause satisfaction of judgments rendered by them to be entered.

2. Payment made by an execution debtor to a Sheriff, or other officer, is effectual as against the creditor only where the officer at the time has a judicial mandate to make the collection, unless, irrespective of his office, the creditor has constituted him an agent for that purpose.

This was a MOTION to recall an execution and have satisfaction of a judgment entered, heard before *Merrimon, J.,* heard upon appeal from the Court of a Justice of the Peace, at Spring Term, 1888, of BURKE Superior Court.

The plaintiff, in an action begun by the issue of a summons, recovered judgment on March 27, 1886, before two Justices of the Peace of Burke, acting in concert, upon which subsequently execution issued to the Sheriff of said county.

In September following the defendant submitted the following affidavit:

1. That on the 27th day of March, 1886, a judgment was rendered in the above cause against affiant in the sum of $43.10 in an action pending before T. N. Neill and W. N. Thompson, wherein J. M. Bailey was plaintiff and W. H. Hester was defendant.

2. That on the 9th day of April, 1886, W. H. Morrison, a deputy sheriff, came to the said W. H. Hester with a judgment and demanded payment of said debt, and affiant paid the said judgment of $43.10, and procured a receipt from the

said deputy sheriff, and affiant is informed and believes that the same is discharged and fully satisfied, and that affiant is entitled to have satisfaction entered of record.

3. That since said debt has been paid and discharged the said J. M. Bailey has applied to the said W. N. Thompson, a Justice of the Peace, and obtained from him an execution on said judgment, and under said execution J. A. Lackey, Sheriff of Burke, is now about to levy upon and sell the property of affiant.

Wherefore, affiant prays the Court that notice issue to the said J. M. Bailey, notifying him to appear and show cause why said judgment shall not be marked paid and discharged, and satisfaction entered of record; and that, in the meantime, the said J. A. Lackey, Sheriff, be ordered not to proceed with said sale.

Thereupon notice was issued to the Justice, who reports the proceedings upon the appeal to the Superior Court, and served by the Sheriff and returned before such Justice, who heard and dismissed the motion at the defendant's cost. From this judgment he appealed to the Superior Court, wherein, at Spring Term, 1888, the case was disposed of in the manner following:

The Court ruled that such a motion could not be heard by a Justice of the Peace, and that from his decision no appeal would lie to the Superior Court, and, further, that upon the affidavit offered as the foundation of the motion the defendant was entitled to no relief. Thereupon judgment was rendered dismissing the appeal with costs. To this defendant excepted and appealed to this Court.

*Mr. Jno. Gray Bynum*, for the plaintiff.
*Mr. S. J. Ervin*, by brief, for the defendant.

SMITH, C. J. (after stating the case.) While the proceedings before a Justice in a civil action are not strictly a record,

as declared in *State* v. *Green*, 100 N. C., 419, they yet possess very many of the attributes of a record under existing legislation. They (the Justices) are furnished with criminal and civil dockets in which must be entered a minute of every proceeding had before him (*The Code*, § 831); when filled such dockets must be filed with the Clerk, and if incomplete when he goes out of office delivered over to his successor (§§ 827 and 828); and indeed he acts in the trial of causes and issues in enforcing process throughout as do other regularly constituted judicial tribunals. As he may issue execution after judgment unless the cause has been removed to and docketed in the Superior Court, we can see no reason why he may not recall an execution which improvidently issues after the plaintiff has received payment, or for other sufficient cause, and in a proper case have satisfaction entered on his docket, so that the fact is patent to him or to his successor and the debtor freed from the annoyance of other executions.

This results from several adjudications in which it is held that the judgment rendered by a Justice, though transferred to the docket of the Superior Court and there becomes a judgment also for the purpose of enforcement, remains as before when to be impeached, modified or reversed. *Bidsey* v. *Harris*, 68 N. C., 92; *Broyles* v. *Young*, 81 N. C., 315; *Morton* v *Rippy*, 84 N. C., 611, authorities furnished in the brief of counsel.

But the Judge further holds that the deputy, though having in his hands the judgment and assuming the right to receive payment, had in law no such authority, and unless as agent of the plaintiff, irrespective of office, he made the collection—of which the affidavit contained no proof—it would be an officious and inoperative act, and defendant's liability would remain.

It is only by a judicial mandate issued from the proper judicial source that the Sheriff or other officer could proceed to collect and acquit the debtor. *Mills* v. *Allen*, 7 Jones, 564.

The Court, therefore, properly gave judgment against the defendant, not in dismissing the appeal, but in denying the motion upon its merits.

As the same judgment refusing the defendant's application was made in each of the Courts, the same consequences follow, whether the motion was denied or the appeal dismissed.

Affirmed.