S. W. WHITEHURST et al. v. MERCHANTS AND FARMERS
TRANSPORTATION COMPANY et al.

*Judgment— Vacating—Process—Jurisdiction—Justice of the
Peace.*

1. A judgment based upon process which purports to have been duly
   served, but which, in fact, was never served, is not void, but
   is voidable for irregularity, the remedy against it being by a
   motion in the cause.
2. While the Court of a Justice of the Peace is not a Court of record,
   nevertheless its judgments are conclusive until reversed, modified
   or vacated in some proceeding instituted for that purpose; and
   such Court has the same jurisdiction to hear applications to vacate
   judgments rendered by it as Superior Courts possess over judg-
   ments rendered by them.
3. A motion to vacate a judgment rendered in the Court of a Justice of
   the Peace for irregularity, should be made before the Justice who
   gave the judgment, or his successor, notwithstanding it may have
   been docketed; the Superior Court has no jurisdiction except upon
   appeal.
4. If the judgment has been docketed in the Superior Court and subse-
   quently vacated by the Justice of the Peace, the defendant may,
   upon motion, have the judgment therein set aside; such docket-
   ing, however, only operates as a judgment of the Superior Court
   for the purposes of lien.

CIVIL ACTION, tried at Spring Term, 1891, of BEAUFORT
Superior Court, *Bryan, J.,* presiding.

The present defendant brought its action in the Court of a
Justice of the Peace, against the present plaintiffs, to recover
the sum of $75, and obtained judgment on the 13th of
November, 1886, and afterwards filed and docketed a trans-
script of its judgment in the office of the Superior Court
Clerk of the county where the judgment was rendered, as
allowed by the statute (*The Code,* § 839). The present plain-
tiffs allege that the summons in the action just mentioned
was served on J. B. Whitehurst, one of the defendants

therein named (who is one of the present plaintiffs), that it was never served on S. Whitehurst or C. W. Whitehurst therein named, who are two of the present plaintiffs; that, nevertheless, the said summons purports to have been served upon all the persons named as defendants therein.

This action is brought by the plaintiffs for the purpose of having the judgment above mentioned set aside and declared to be void, and to obtain relief by injunction, etc., upon the ground that no summons was ever served upon them.

Counsel for the defendant moved that the action be dismissed, "because a motion in the original cause was the proper remedy," etc.

The Court gave judgment dismissing the action, and the plaintiffs appealed.

*Mr. J. H. Small*, for plaintiffs.
*Mr. C. F. Warren*, for defendant.

MERRIMON, C. J.: A judgment against a party who has not submitted himself to the jurisdiction of the Court granting it for that purpose, and who has not, in fact, been served with original leading process, though the same purports to have been served, is irregular and may be avoided, the remedy being a motion in the cause to set the judgment aside for irregularity. Such judgment is not void—it is only voidable, because it appears by the record (return) that the original summons was served upon the party against whom it is entered. It, however, so appears in such case by inadvertence, mistake or false return of the summons by the sheriff.

The Court is careful to see that it has jurisdiction, and that its course of action in the progress of the action is orderly and duly observed. When there is irregularity in any material respect appearing upon the face of the record to the prejudice of a party, it will, *ex mero motu*, correct the

same, or, within a reasonable period, on motion of the party prejudiced, it will correct, set aside, or modify, if need be, the order, judgment or other matter or thing complained of. And as to the jurisdiction of the party, and perhaps in some other possible cases, it will, there being no laches, on motion in the cause, supported by affidavits, inquire whether it has such jurisdiction, although upon the face of the record it appears to have the same. Thus, if the original summons in the action be returned by the Sheriff "*served*" upon the defendant therein named, it will so inquire whether, in fact, such service was made, or whether the return is made untruly by inadvertence, mistake, or falsely on purpose. This is important and necessary, because the service of the summons is essential to the jurisdiction, unless the party submits himself to the Court, and, besides, to give the party his day in Court, as the law contemplates he shall have the same. *Keaton* v. *Banks*, 10 Ired., 381; *Mason* v. *Miles*, 63 N. C., 564; *Cowles* v. *Hayes*, 69 N. C., 406; *Doyle* v. *Brown*, 72 N. C., 393; *Koonce* v. *Butler*, 84 N. C., 221; *Brickhouse* v. *Sutton*, 99 N. C., 103, and there are numerous other cases.

Although the Court of a Justice of the Peace is not a court of record, its proceedings are authoritative and judicial in their nature, and its judgments are conclusive and binding until they shall, in an orderly way, be set aside, reversed or modified. Such judgments cannot be attacked, when it appears from the proceedings that the Court had jurisdiction, for irregularity or other cause. The remedy for irregularity is by a motion in the action before the Justice of the Peace who granted the judgment, or before his successor in office. The office of Justice of the Peace is continuous in its nature, and filled by the incumbent, and to be filled after him by his successors. He is required to keep dockets, enter minutes of proceedings before him, keep and preserve his official papers and transfer the same to his successors. (*The Code*, §§ 828, 831.) So that it is orderly, convenient, neces-

sary and appropriate to make pertinent motions of all kinds in an action in such Court just as like motions may be made in actions in the Superior Courts. If a motion should be made to set aside a judgment in the Court of a Justice of the Peace, and it should be allowed or denied improperly, the complaining party might appeal to the Superior Court. *Hooks* v. *Moses*, 8 Ired., 88 ; *McKee* v. *Angel*, 90 N. C., 60 ; *Moore* v. *Edwards*, 92 N. C., 43.

That a judgment of a Justice of the Peace has been docketed in the office of the Superior Court Clerk, as allowed by the statute (*The Code*, § 839), does not give the Superior Court jurisdiction of the *action* in which such judgment was rendered. The docketing makes the judgment that of the Superior Court in all respects only for the purpose of creating a lien upon the real estate of the judgment debtor, and enforcing the same by execution and otherwise. Hence, the latter Court has no authority to set the judgment aside for irregularity, or upon the ground that the summons in the action in which it was rendered had not, in fact, been served upon the defendant therein named, while the return of the same showed that it had been. *Ledbetter* v. *Osborne*, 66 N. C., 379; *Birdsey* v. *Harris*, 68 N. C., 92; *Morton* v. *Rippy*, 84 N. C., 611.

If a judgment of a Justice of the Peace shall have been docketed and afterwards set aside in the way above indicated, the defendant in the action should apply by motion to the Superior Court to set the judgment there aside, and the Court should grant the motion, basing its action upon that of the Court of the Justice of the Peace. Thus complete and effectual relief would be granted.

So that the plaintiffs in the present action should have sought the relief they demand by a motion in the action mentioned in the Court of the Justice of the Peace. This action was improvidently brought, and the Court properly dismissed it.

Affirmed.