A. W. HAMER v. L. C. McCALL.

*Practice—Motion in Superior Court to set aside Magistrate's Execution and Order of Sale—Jurisdiction.*

The Superior Court has no jurisdiction of an original motion to set aside an execution and order of sale granted by a Justice of the Peace.

The plaintiff obtained a judgment before a Justice of the Peace against the defendant, as his tenant, for rents and advances.  The defendant appealed to the Superior Court but, having given no bond to stay execution, the Justice of the Peace issued execution and an order for the sale of the crops and other personal property subject to plaintiff's lien as landlord.  At February Term, 1897, of RICHMOND Superior Court, before *Coble, J.,* the defendant made a motion to set aside the execution and order of sale and to require the

Sheriff to pay over to him the fund in his hands arising from such sale. The motion was denied and defendant appealed.

Mr. *Walter H. Neal*, for plaintiff.
Mr. *John D. Shaw, Jr.*, for defendant (appellant).

FURCHES, J.: The merits of this action are discussed and determined in the above appeal by defendant in the same case.

This appeal, as we understand it, is from the judgment of the Superior Court refusing defendant's motion to set aside and vacate an execution and order of sale made by the justice of the peace who tried the case. This is an original motion made in the Superior Court for the first time. The Court had no jurisdiction and the motion was properly refused. *Bailey* v. *Hester*, 101 N. C., 538; *Berdsey* v. *Harris*, 68 N. C., 93.

Affirmed.