## W. P. OLDHAM v. SARAH M. RIEGER, ADMINISTRATRIX, AND MOODY B. MINTZ, ADMINISTRATOR OF A. W. RIEGER.

(Filed 28 October, 1908.)

1. Judgments—Justice's Jurisdiction—Judgment Docketed in Superior Court, Suit on.

A judgment obtained before a justice of the peace and docketed in the Superior Court (Revisal, sec. 1479) becomes a judgment of the latter court only for the purposes of creating a lien and having execution issued thereon. Therefore an action can be brought on a justice's judgment, thus docketed, only in a justice's court, and must be commenced within the period limited on judgments of that court.

2. Same—Executors and Administrators.

An action in the nature of a creditor's bill, brought in the Superior Court against an executor, for the purpose of an accounting and the payment of a judgment rendered against the testator obtained in a justice's court, is an action upon a judgment of a justice of the peace, and is barred if not commenced within the time limited.

ACTION heard on case agreed, by *Long, J.,* at March Term, 1908, of BRUNSWICK.

This is an action in the nature of a creditor's bill, brought by the plaintiff in behalf of himself and all other creditors of A. W. Rieger, deceased, against the defendants, his administrator and administratrix. The plaintiff, W. P. Oldham, alleges that he recovered a judgment against A. W. Rieger before a justice of the peace on 14 December, 1895, which was docketed in the Superior Court the same day, and that he requested the defendants to pay the same, which they refused to do; that the judgment has not been paid. He asks for an accounting by the defendants of their administration and the payment of the said judgment, or its ratable proportion, out of the assets in the possession of the defendants. The defendants answered and averred that they had duly notified creditors of their intestate, by advertisement, to present their claims, and that no claim has ever been presented to them. They also pleaded the statute of limitations. The

case was heard in the court below upon a case agreed, which is as follows:

1. A. W. Rieger, of Brunswick County, died intestate on 3 December, 1903, and on 8 December, 1903, the defendants duly qualified according to law as his administrator and administratrix.

2. On 14 December, 1895, the plaintiff brought suit before a justice of the peace of New Hanover County against A. W. Rieger and obtained judgment against him on said date, and on 16 December, 1895, the plaintiff caused a transcript of said judgment to be docketed on the judgment docket of the Superior Court of New Hanover County, and on the same date caused a transcript of said judgment from the Superior Court of New Hanover County to be docketed on the judgment docket of the Superior Court of Brunswick County, which judgment has not been paid.

3. The summons in this action was issued on 16 June, 1906.

4. There has been no final account filed by the defendants in settlement of their intestate's estate.

It is agreed that if upon the foregoing facts the court should be of the opinion that the claim of the plaintiff is barred by the statute of limitations, judgment is to be entered for the defendants, and if not, then for the plaintiff.

Upon the facts admitted, the court, being of the opinion that the plaintiff's judgment is barred by the statute of limitations, rendered judgment in favor of the defendants according to the agreement of the parties. The plaintiff excepted and appealed.

*Empie & Empie* and *Meares & Ruark* for plaintiff.
No counsel for defendants.

WALKER, J., after stating the case: This Court has held in numerous cases that the judgment of a justice of the peace

which has been duly docketed in the Superior Court becomes a judgment of the latter court, under the statute (Revisal, sec. 1479), for the purpose only of creating a lien and of having execution issued thereon within the same time as is limited for judgments originally recovered in that court. *Ledbetter v. Osborne*, 66 N. C., 379; *Hutchison v. Symons*, 67 N. C., 156; *Birdsey v. Harris*, 68 N. C., 92; *Adams v. Guy*, 106 N. C., 275; *Morton v. Rippy*, 84 N. C., 611; *McIlhenny v. Trust Co.*, 108 N. C., 311. The subject is fully discussed by *Justice Dillard* in *Broyles v. Young*, 81 N. C., 315, which has been considered in the more recent decisions of this Court as settling the true construction of the statute. The plaintiff in the judgment may move at any time within the ten years after the docketing of the judgment in the Superior Court for the issuing of executions thereon, upon notice to the adverse party, where execution has not issued within three years. But this is not a motion for execution to be issued, but an action upon the judgment itself. An action cannot be brought upon the judgment docketed in the Superior Court, for that is a judgment only for the purpose of lien and execution. It is not a new and independent *causa litis*. When it becomes necessary to sue upon the judgment, the action must be brought upon the judgment of the justice. In *McIlhenny v. Trust Co.*, 108 N. C., at p. 314, the Court, after reviewing the authorities, says: "At the time this action began, more than ten years had elapsed next after the judgment was docketed. The judgment was barred after the lapse of seven years from its date, and the right to enforce it by execution (issuing from the Superior Court) or otherwise was barred after the lapse of ten years next after the time it was docketed."

But the case of *Daniel v. Laughlin*, 87 N. C., 433, is decisive of this case, it being a decision upon the very question presented by the facts which have been admitted by the parties. It was a creditor's suit, as this action is, and one

of the plaintiffs declared upon two judgments of a justice of the peace, which had been rendered more than seven years before the action was commenced and also docketed in the Superior Court. The Court held that, as it was an action upon the judgments and not merely a motion for executions, the seven-years statute applied and barred a recovery of the claim. *Justice Ruffin* thus states the law: "We do not understand counsel who argued the plaintiff's exceptions in this Court to insist very earnestly upon them. Nor can we ourselves perceive any error in the ruling of the court below. The statute fixes the limitation to actions upon judgments rendered by justices of the peace at seven years in language so plain and positive that it leaves nothing open for construction; and, notwithstanding the fact that the judgments declared on in this case had been docketed, they continue to be the judgments of the justice for every purpose and intent save those of lien and execution, and as much subject to the limitations prescribed for such judgments as though no transcript of them had ever been forwarded to the Superior Court."

Counsel have asked us to reconsider that decision and reverse the principle as therein declared, but we must decline to do so, as we think the case was correctly decided. An inspection of the pleadings in this case will reveal the fact that the action is brought directly upon the judgment. It is true the plaintiff seeks to enforce its payment out of the assets—personal assets, we assume, as no other kind are mentioned—in the hands of the administrators, but the relief so sought by the plaintiff does not change the character of the action as being one upon the judgment. It may well be added that the judgment upon which this suit was brought was barred by the seven-years statute at the time of the intestate's death. Can it be that it has been revived by his death, so that the plaintiff now occupies a better position with respect to it than he did before? We think not. What *Justice Ruffin* says

in *Daniel v. Laughlin,* 87 N. C., at p. 436, with reference to Battle's Revisal, ch. 45, sec. 40 (Revisal of 1905, sec. 87), is a full answer to the question.

The decision of the court upon the case agreed was correct and is sustained.

Affirmed.