G. W. REID and JACOB ALLEN *vs.* WILLIAM SPOON *et al.*

1. It is well settled that a judgment rendered according to the course of the Court, cannot be collaterally impeached.

2. Judgments of Justices' Court, regularly docketed upon the judgment docket of the Superior Court, form no exception to the principle above stated.

This was a civil action brought to recover the possession of land, tried before His Honor, Judge Tourgee, at Spring Term, 1871, of Randolph Superior Court·

Several points were made on the trial, but as the case is made to turn on one only, it is deemed unnecessary to state them.

The plaintiffs on the trial, in support of their title, offered in evidence the record of the judgment docket of the Superior Court, containing the transcript of a judgment of a Justice of the Peace, against the defendant William Spoon, that an execution had duly issued thereon, and thereunder the land had been sold and purchased by the plaintiff.

The defendants objected to this evidence on the ground that it appeared from the original papers in the case before the Justice, which had been theretofore offered in evidence and rejected, that the action was not brought in the name of the real party in interest, and that the judgment docket contained a mere copy of the Justices' judgment.

This objection was sustained by His Honor, and the evidence excluded.

There was verdict and judgment for the defendants, and the plaintiffs appealed.

*Scott & Scott* for defendants.
*Mendenhall & Staples* for plaintiff.

BOYDEN, J.   It has repeatedly been decided by this Court, that a judgment rendered according to the course of the Court cannot be collaterally impeached. The plaintiffs showed a regular judgment taken before a Justice of the Peace, that the same or a transcript thereof, had been entered on the judgment docket of the Superior Court. A regular execution thereon issued, and a sale and Sheriff's deed. This constituted a part of plaintiff's alleged chain of title, but His Honor rejected this evidence on the ground that the true party in' interest, in the note sued upon, before the justice was not made a party plaintiff. Suppose this to be so, and the defendant might have defeated the recovery before the magistrate by taking that objection? What difference can that make in this case? The judgment binds the party against whom it was given, until it is reversed, and cannot be impeached in this collateral way, the authorities cited by plaintiff's counsel fully establish that position.

There is error. This will be certified.

PER CURIAM.                         Judgment affirmed.