J. D. MOORE et als. v. W. J. EDWARDS, Adm'r.

*Creditor's Bill—Statute of Limitations—Evidence—Justice's Judgments.*

1. Where, in proceedings under a creditor's bill, a party's claim has been disputed, he must get a standing in court by establishing his own claim, before he can dispute that of another creditor.

2. Where a creditor's claim is resisted in a creditor's bill, on the ground that the cause of action upon which the judgment was rendered was barred by the statute; *Held,* that the judgment having been rendered by a court of competent jurisdiction, it is not competent to go behind it.

3. An entry on the docket of the Superior Court, showing that a transcript of a justice's judgment has been filed, is *prima facie* evidence that the judgment has been rendered by the justice. The fact of docketing the judgment is *prima facie* evidence of its existence.

4. Judgments of justices of the peace regularly docketed in the Superior Court, cannot be collaterally impeached.

(*Reid* v. *Spoon,* 66 N. C., 415, cited and approved).

CIVIL ACTION, tried before *Avery, Judge,* and a jury at Spring Term, 1884, of NORTHAMPTON Superior Court.

This was a creditor's bill, commenced by J. D. Edwards as a creditor of J. M. Edwards, deceased, and against W. J. Edwards as administrator of J. M. Edwards, before James D. Boone, clerk of the Superior Court of Northampton county.

Moore filed his complaint, setting forth as a cause of action, that J. M. Edwards, at the time of his death, was indebted to the plaintiff in the sum of forty-five ($45) dollars, and that on the 6th day of June, 1876, he reduced said claim to judgment, in an action against defendant, before W. H. Parker, a justice of the peace, and on the 25th day of August, 1876, said judgment was docketed in the Superior Court of said county, and that there were not assets sufficient to pay the debts in full.

On the 29th day of May, 1879, plaintiff filed and published a notice requiring all other creditors of said Edwards, deceased, to come in and file evidence of their debts within the time required by law. In response to this notice defendant filed a list of the claims which had been presented to him; among them was the claim of W. J. Rogers, as surviving partner of J. M. S. Rogers & Son. Moore disputed this claim, and Rogers filed his complaint alleging that defendant's intestate was indebted at the time of his death, to him (Rogers) as surviving partner, in the sum of $459.94, due by account on February 7th, 1872. Rogers denied the allegations in Moore's complaint—that Edwards was

indebted to him, or that he had ever obtained judgment against the administrator: he further pleaded the statute of limitations to the cause of action upon which said alleged judgment was founded.

Moore answered Rogers' complaint denying his (Rogers') debt, and pleading the statute of limitations thereto.

Upon the issues raised by the pleadings, the cause was removed to the Superior Court in term. At Spring Term, 1884, the cause came on for trial before Avery, Judge.

Rogers insisted that he had a right to go behind the judgment, if any, obtained by Moore against the administrator and require Moore to prove that he had a *bona fide* claim or cause of action against the estate at the time the judgment aforesaid (if at all) was obtained.

That he had a right to plead the statute of limitations to said cause of action, notwithstanding said judgment, and if said cause of action was barred at the time said judgment was obtained, the judgment would not protect Moore as against the statute when pleaded by Rogers, and requested His Honor to submit issues to the jury embracing these facts.

His Honor ruled that Rogers could not go behind the judgment, and refused to submit the issues. Rogers excepted.

His Honor then submitted the following issues:

(1). Is the account of Rogers barred by the statute of limitations;

(2). Did Moore obtain judgment against defendant administrator, and was same docketed in the Superior Court as alleged by Moore?

To support the second issue, Moore offered to introduce as evidence an entry upon the docket of the Superior Court, showing that upon the 24th day of August, 1876, transcript of judgment was filed as alleged.

Rogers objected to this entry as evidence of a judgment against him, and insisted that the original judgment-roll before the justice was the only proper evidence.

Objections overruled. Moore was allowed to introduce the entries and transcript. Rogers excepted.

The jury found both issues in the affirmative. Motion for a new trial upon the ground of refusal of His Honor to submit the issues asked for by Rogers, and the admission of improper evidence.

Motion overruled. Appeal.

*Messrs. T. W. Mason* and *T. N. Hill,* for plaintiff.
*Mr. W. C. Bowen,* for the defendant.

ASHE, J., after stating the facts: This is an anomalous case. The plaintiff, who is a judgment creditor of the defendant, brings his action in his own behalf and in that of all the creditors of the defendant who will make themselves parties to the action for a settlement of the estate of defendant's intestate. A number of claims are presented to the administrator, and among them, one by the creditor Rogers. The plaintiffs dispute the claim of Rogers, and say it is barred by the statute of limitations. Rogers then files his complaint, and instead of establishing his claim and securing a status in court by showing that his account was not barred by the statute of limitations and that he was entitled as a creditor to share in the fund, he resists the claim of the plaintiff upon the grounds: first, that he never had a judgment against the defendant, and secondly, if he had, the cause of action upon which his judgment was founded was barred by the statute of limitations.

His Honor very properly held that the judgment having been rendered by a court of competent jurisdiction, it was not competent for Rogers to go behind the judgment. *Reid* v. *Spoon,* 66 N. C., 415.

Under this statement of the case it would seem to us that the only issue to be submitted to the jury was, whether the claim of Rogers was barred by the statute of limitations, for if his claim was barred he could acquire no footing in court. He would

have no right to share in the fund and should not be permitted any more than a mere stranger to interpose an objection to the claim of another creditor.

But His Honor saw proper to submit the following issues to the jury:

1. Is the account of Rogers barred by the statute of limitations?

2. Did Moore obtain judgment against defendant administrator, and was the same docketed in the Superior Court, as alleged by Moore?

Both issues were found by the jury in the affirmative.

To support the second issue, Moore, upon objection by Rogers, was permitted to introduce as evidence an entry upon the docket of the Superior Court, showing that on the 24th day of August, 1876, transcript of judgment was filed as alleged.

To the admission of this evidence Rogers excepted, contending that the original judgment-roll before the justice was the only proper evidence.

We think there was no error in admitting the evidence. The transcript being filed and docketed is at least *prima facie* evidence of a judgment rendered by the justice, and is supported by the maxim "*omnia præsumuntur rite acta esse.*" The bare fact of docketing the judgment is *prima facie* evidence of its existence, and that it was rendered as the transcript imports.

In *Reid* v. *Spoon, supra,* it is held that a judgment rendered according to the course of the court cannot be collaterally impeached, and that *judgments of justices' courts regularly docketed upon the judgment docket of the Superior Court form no exception to the principle above stated.*

There is no error. Let this be certified that the case may be proceeded with according to law.

No error.                                               Affirmed.