W. A. WITHERS v. THE BOARD OF COMMISSIONERS OF COLUMBUS COUNTY.

(Filed 22 October, 1913.)

1. Municipal Corporations—Counties—Order of Court—Necessary Expenses—Mandamus.

Mandamus against the county commissioners to enforce the payment of a debt for a necessary expense incurred by the county is the proper and only remedy.

2. Municipal Corporations—Homicide—Trials—Necessary Expenses —Chemical Analysis — Costs — Court's Discretion—Counties— Parties—Constitutional Law.

Where a defendant is charged with homicide by means of poison, and the trial judge has ordered a post-mortem examina-

tion of the stomach to be made, which was accordingly done, and resulted in the discharge of the defendant, and the taxing of the cost of the analysis against the county: *Held*, the cost of the analysis was a reasonable county expense, resting within the sound discretion of the court, and binding upon the commissioners.

APPEAL by defendants from *Ferguson, J.;* at the April Term, 1913, of COLUMBUS.

This is a proceeding in mandamus, brought by the plaintiff to compel the defendant to obey an order made at November Term, 1911, of the Superior Court of Columbus County, directing the payment of $200 to the plaintiff.

The cause was heard at April Term, 1913, of the Superior Court of said county, by his Honor, Judge Ferguson, who adjudged "that the defendants be and are hereby required and commanded to issue warrants for the payment of the order made by his Honor, Frank Carter, in this cause on 2 December, 1912."

The defendant excepted and appealed.

*Walter H. Powell for plaintiff.*
*David J. Lewis, Homer L. Lyon for defendants.*

BROWN, J. This proceeding is brought to enforce obedience to an order of Carter, judge, made in a criminal proceeding pending before him. As the facts are fully stated in the order, we set it out in full:

STATE OF NORTH CAROLINA—COLUMBUS COUNTY.

STATE v. EDGAR THOMPSON.

This cause coming on for hearing at the November term of the Superior Court of Columbus County, before his Honor, Frank Carter, judge presiding, and it appearing to the court that a bench warrant was issued for the aforesaid Edgar Thompson upon the affidavit of one J. V. Fore, on the charge of murdering Mrs. Edgar Thompson, his wife, by means of poison, and it further appearing to the court that said warrant was duly served on .......... day of November, 1911, and that after a hearing before his Honor, Judge Carter, holding

the courts of the Seventh Judicial District, the said Edgar Thompson was placed in prison to await the report of the chemist; and the stomach of Mrs. Edgar Thompson, deceased, wife of Edgar Thompson aforesaid, having been duly packed and sealed and forwarded to said chemist for a thorough analysis, the court deeming such analysis proper and necessary in said cause; it also appearing to the court that the sentiment of the good citizens of Columbus County demanded that public justice be quickly and speedily administered in this cause, and it further appearing to the court that after a full and complete analysis of said stomach by the chemist, Prof. W. A. Withers reported to the court that he found no traces of poisonous substances therein; and it further appearing that these facts were made known to the solicitor, N. A. Sinclair, and that a *nol. pros.* was taken in the above case.

The examination of said stomach of Mrs. Edgar Thompson, deceased, having been ordered by his Honor, Frank Carter, acting upon the advice of the solicitor, N. A. Sinclair, and the above facts set forth: it is now ordered, adjudged, and decreed that the bill of $200 charges of the said Prof. W. A. Withers for making said analysis, together with all other necessary expenses in transporting to Raleigh said stomach and for procuring the evidence of the coroner's inquest and forwarding the same to said chemist, be paid by the county of Columbus, including bill of J. V. Fore, heretofore approved by the solicitor, N. A. Sinclair.

FRANK CARTER,<br><em>Judge Presiding.</em>

This 2 December, 1912.

It is contended on behalf of the defendants the board of commissioners:

1. That the proceeding should be dismissed, as no such action can be maintained to enforce the order of Carter, judge.

2. That this not being a necessary expense, his Honor had no legal authority to make said order.

3. That they had no notice of said order, no day in court, and therefore said order was not a legal judgment against the county.

The proceeding by mandamus in this case to compel obedience to the order of Carter, judge, is proper, and the only effective remedy the law gives in case of this character.

That mandamus is the proper remedy against a public officer who refuses to discharge a specific duty required of him by law, has been too often decided to be now open to doubt. *R. R. v. Jenkins,* 68 N. C., 602; *Russell v. Ayer,* 120 N. C., 186; *Bennett v. Commissioners,* 125 N. C., 468.

In their brief the learned counsel for the defendants say: "We take the position that the analysis of the stomach of a person who died under circumstances that might excite suspicion of foul play is not a necessary expense of the county, and the county would therefore be prohibited from contracting a debt for same under Article VII, section 7, of the Constitution of North Carolina.

"If this position is correct, it certainly follows that a Superior Court judge would have no right to make an arbitrary order requiring the county commissioners to do an unlawful or forbidden act, certainly when no notice was served on the commissioners, and they not made parties to the proceeding."

The section of the Constitution relied upon reads as follows:

"No county, city, town, or other municipal corporation shall contract any debt, pledge its faith, or loan its credit, nor shall any tax be levied or collected by any officers of the same, except for the necessary expenses thereof, unless by a vote of the majority of the qualified voters therein."

In *Bear v. Commissioners,* 124 N. C., 204, construing this section, it is held that to obtain a mandamus to pay a judgment against the county by levying a special tax, the plaintiff must show affirmatively that the consideration for the judgment was for a necessary county expense, or had been sanctioned by a vote of the people.

The section of the Constitution indirectly, but explicitly, permits the exercise by municipal corporations of the power of making provision for necessary expenses free from the restraints in other cases.

What are such necessary expenses has been the subject of many judicial decisions. Applying the principles laid down in

all of them, we think his Honor, Judge Carter, had authority to make the order and that it is a necessary expense of the county of Columbus.

There is express legislative authority for the order. Section 3152 of Revisal reads as follows: "In all cases of homicide, any officer prosecuting for the State may, at any time, direct a post-mortem examination of the deceased to be made by one or more physicians to be summoned for the purpose; and the physicians shall be paid a reasonable compensation for such examination, the amount to be determined by the court and taxed in the costs, and if not collected out of the defendant, the same shall be paid by the county."

That the General Assembly, in the exercise of the police power of the State, is authorized to make such an enactment, cannot be doubted.

Counties are but State agencies, and subject to legislative authority, which can direct them to do as a duty all such matters as it can empower them to do.

Uuder our system of State government, the counties, cities, and towns of the State are very important, and essential factors in the administration of the criminal law, and the burden and expense of administering such laws are largely borne by them. In such matters, they are necessarily under legislative control. *Tate v. Commissioners,* 122 N. C., 812; *White v. Commissioners,* 90 N. C., 437; *Jones v. Commissioners,* 137 N. C., 579.

It is further contended that the defendants were not parties to the action in which the order was made, had no day in court, and are consequently not bound by the order.

This position cannot be maintained. The order was made in the administration of the criminal law by the proper officer of the State, and in pursuance of the statute.

The board of commissioners are not parties to such a proceeding, and *ex necessitate rei* cannot be.

Nor are they entitled to any notice before such orders are made. In such cases the matter is left to the sound discretion of the trial judge, and unless such discretion is grossly abused, this Court will not interfere.

The county must rely for the protection of its treasury upon the sound discretion and sense of duty of the judge of the Superior Court. They should and doubtless do personally examine into such matters with care, and see to it that improper and extravagant allowances are not made.

The order in question was made by Judge Carter in a criminal proceeding and in full accordance with the statute, and must be obeyed.

The order of Ferguson, judge, granting a peremptory mandamus is

Affirmed.