J. W. HALFORD v. D. H. SENTER ET ALS., CONSTITUTING THE BOARD OF COMMISSIONERS OF HARNETT COUNTY.

(Filed 6 October, 1915.)

**Health—County Commissioners — County Superintendent — Fixing Salary — Mandamus—Constitutional Law—Statutes.**

Section 9, chapter 62, Public Laws of 1911, providing for a county board of health, by express provision requires the approval of expenditures made by them by the county commissioners, the latter, by constitutional

provision, being given, among other things, general supervision of the levying of taxes and the finances of the county; and where the county commissioners have disapproved of the amount of salary the county board of health has agreed to pay the county superintendent of health and fixed a less sum therefor, a mandamus will not lie to compel the payment of a greater sum than that so determined upon.

APPEAL by defendants from *Bond, J.,* at the May Term, 1915, of HARNETT.

Mandamus to compel defendants to audit and pay the plaintiff $600, salary as superintendent of health for Harnett County for one year. Upon the return of the writ it was made absolute, and defendants appealed.

*Baggett & Baggett for the plaintiff.*
*E. F. Young for the defendants.*

BROWN, J. The agreed facts are that plaintiff was duly elected superintendent of health for Harnett County by the board of health of said county and his compensation fixed by said board at the rate of $600 per annum. Upon the presentation of plaintiff's claim, the matter being properly brought before the defendants, the board of commissioners of said county, they declined to audit and allow such expenditure, upon the ground that it was exorbitant and unreasonable.

The defendants then authorized an expenditure of $300 per annum for the services of plaintiff as superintendent of health.

Section 9 of chapter 62 of the Public Laws of 1911 provides that the board of health shall make such rules and regulations, pay such fees and salaries and impose such penalties as in their judgment may be necessary to protect and advance the public health: *Provided,* that all expenditures shall be approved by the board of county commissioners before being paid.

The very question presented here was decided by this Court adversely to plaintiff's contention in *McCullers v. Commissioners,* 158 N. C., 84, where it is said: "It thus becomes the duty of the board of commissioners to pass on and audit the plaintiff's account for services and determine whether they are reasonable and within the bounds fixed by the statute. . . . The approval of the defendant's board is necessary to the payment of plaintiff's account, and while the courts will not undertake to compel the county commissioners to approve them, they will require them to consider the account and to pass on it in good faith in the exercise of a sound judgment as to whether or not the services as charged are warranted by the statute."

The Constitution of this State prescribes that a board of commissioners shall be biennially elected in each county. Such board is given "a general supervision and control of the penal and charitable institutions,

schools, roads, bridges, levying of taxes and of the finances of the county as may be prescribed by law."

The commissioners constitute the local governing body of the county and are directly responsible to the people who elected them. It is not only reasonable but due to the people of the county that these men elected by them should have supervision and control over the expenditures of a subordinate and nonelective board.

It is not to be supposed that the General Assembly intended to deprive the taxpayers of a county of such necessary and proper protection and safeguards which are thus thrown around the county treasury.

The proceeding is dismissed at cost of plaintiff.

Reversed.