The case agreed shows these facts:
East Park Avenue, a street regularly laid off and established in the town of Tarboro, extends from Main to Panola Street, and between these two it is intersected by St. Andrew, St. Patrick, and St. David streets. Abutting the avenue on the north are several residential lots with a lineal frontage of about 1,300 feet, excepting the space occupied by the intersecting streets, and on the south of the avenue is the abutting town common, with practically similar lineal frontage. The common is owned by the town and held for the use and enjoyment of all its citizens.
Some of the owners of the property situated on the north side of the avenue, having a frontage of about 760 feet, and desiring to have the avenue paved, presented to the town commissioners the following petition:
"The undersigned property owners on that part of East Park Avenue, lying between Main Street and Panola Street, do respectfully petition *Page 63 
your honorable body, to grade and pave with asphalt pavement, that part of East Park Avenue lying between the streets named, under the act of the General Assembly of North Carolina, being Public Laws of 1915, ch. 56, and further under said act, to charge one-half (1/2) of the total cost of said pavement, exclusive of so much of the cost as is included at the street intersections, to the lots and parcels of land abutting directly on said East Park Avenue (exclusive of the Town Common), according to the extent of their respective frontages thereon, by an equal rate per front foot of said frontage. The said paving to be a 24-foot roadway between the curbs, one-half of the costs to be borne by abutting property owners and one-half by the town of Tarboro. N.C."
In pursuance of the statute, the petition was lodged with the clerk, who testified as a result of his investigation that it was properly signed by a majority in number of the owners, and that they represented a majority of all lineal feet of the frontage abutting on the avenue for which the pavement was proposed; and thereupon the town commissioners, reciting their finding of facts, made the (61) following order:
"Now, therefore, be it resolved and ordained by the board of commissioners of the town of Tarboro, at its regular October meeting in the year 1919, that that part of Park Avenue which lies between Main and Panola streets be properly graded and paved with asphalt pavement, under and by virtue of Laws 1915, ch. 56, and amendments thereto, and the procedure thereunder; and that for the purpose of securing uniformity of work the same be done by contract of the entire improvement.
"That one-half of the cost of such improvement be hereafter assessed upon the lots abutting directly on said improvement, exclusive of the town common (which property is not to be considered in making this assessment), according to the extent of their respective frontages by an equal rate per foot of such frontage, the assessments against the said lots abutting upon said improvement, exclusive of the common, to be based upon the total cost of paving such street between the limits set out, exclusive of the street intersections."
Thereafter the avenue was paved and the cost of the work was assessed one-half against all the owners of property abutting on the north side of the avenue (except street intersections) and one-half against the town as a municipality. The amount assessed against the defendant is $764.41. The cost of other streets recently paved was assessed one-third against the property owners on each side and the remaining third against the town as a municipality.
His Honor, finding that the petition had not been signed by the town as owner of the common, held that such signing was necessary in order *Page 64 
to have said petition signed by the owners representing a majority of the lineal feet of frontage abutting on the avenue, and that as no part of the cost had been assessed against the town as the owner of the common and one-half the cost had been assessed against the owners on the north side of the street, the assessment was illegal and void. There was a judgment for the defendant, and the plaintiff appealed.
The question first to be determined is whether the park or common described in the record was liable to a special assessment for the paving of East Park Avenue, a contiguous street.
Both the Constitution of North Carolina and the statute law provide that property belonging to the State or to municipal corporations shall be exempt from taxation. (Art. V, sec 5. C.S. 7768, 7901.) But there is a distinction between local assessments for public improvements (62) and taxes levied for purposes of general revenue. It is true that local assessments may be a species of tax, and that the authority to levy them is generally referred to the taxing power, but they are not taxes within the meaning of that term as generally understood in constitutional restrictions and exemptions. They are not levied and collected as a contribution to the maintenance of the general government, but are made a charge upon property on which are conferred benefits entirely different from those received by the general public. They are not imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue, but upon a limited class in return for a special benefit. These assessments, it has been suggested, proceed upon the theory that when a local improvement enhances the value of neighboring property, it is reasonable and competent for the Legislature to provide that such property shall pay for the improvement. And in the absence of some restraining constitutional provision on the subject, whether the assessment shall be made according to frontage or area or benefit is a question of legislative expediency. Dillon on Municipal Corporations (5 ed.), sec. 1430, 2497; 2 Elliott on Roads and Streets (3 ed.), sec. 663; Willard v. Presbury, 14 Wall. 676; Parsonsv. District of Columbia, 170 U.S. 45; French v. Barber Asphalt PavingCo., 181 U.S. 324; Chadwick v. Kelly, 187 U.S. 542; Raleigh v. Peace,110 N.C. 32; Durham v. Public Service Co., 182 N.C. 333; Morgantonv. Avery, 179 N.C. 551.
In the various jurisdictions there is diversity of opinion with respect to the question whether a municipal corporation may levy a special *Page 65 
assessment against its own property when used for the benefit of the public. Generally speaking, the decisions may be classified as follows:
(1) Those in which it is held that a municipality has no power to subject its own property when used for public purposes to a special assessment for a local improvement. Herman v. Omaha, 75 Neb. 489; State v.Several Parcels of Land, 79 Neb. 638.
(2) Those in which it is held that the property of a municipality is not subject to such special assessment unless expressly authorized by statute.St. Louis v. Brown, 155 Mo. 545; Barber Asphalt Paving Co. v. St. Joseph,183 Mo. 451.
(3) Those in which by the great weight of authority it is held that the public property of a municipality is subject to a special assessment for local improvements. New Orleans v. Warner, 175 U.S. 120; Higginsv. Chicago, 18 Ill. 276; McLean County v. Bloomington, 106 Ill. 209;Newberry v. Detroit, 164 Mich. 410; Whitaker v. Deadwood, 139 Am. St. Rep (S.D.), 1076; Boyd v. Milwaukee, 92 Wis. 456; Ross v.New York, 3 Wend. (N.Y.) 333; Raleigh v. Peace, supra; Durhamv. Public Service Co., supra; Morganton v. Avery, supra. (63)
In Scammon v. Chicago, 42 Ill. 193, it is said: "It appears from the record that there are public grounds on the east side of the street, and a public square, known as Dearborn Park, on the west side, and that these were wholly exempted from the assessment. The entire burden was imposed upon the private property owners on one side of the street, except the cost of the intersections. We are wholly unable to see how this can be reconciled with the principle prescribed by the Legislature, and requiring the assessment to be laid upon all the property benefited. It is insisted by the counsel for the city that this public property is not benefited because it is public, and cannot be sold or diverted to any other than its present uses. But even as a park or public pleasure ground, it is clearly benefited by having the streets bounding it kept in good condition. If it were the pleasure ground of a private corporation, held solely for that purpose, and accessible only to its members, and incapable of alienation, no one would deny that it should be assessed for an improvement of the character in common with the property of individuals. We do not see that the case is different because instead of being the property of a private it belongs to a municipal corporation, in trust for all its citizens."
In Newberry v. Detroit, supra, the question was whether a public park abutting on Edison Avenue, a distance of about 820 feet, was subject to a local assessment for paving the avenue under a clause in the city charter levying the assessment according to frontage. McAlvay, J., delivering the opinion of the Court, said: "Construing the language of *Page 66 
the charter relative to assessments for paving, we do not find any exemption of public grounds. In cases which hold the extreme doctrine that no property of the state is exempt from special assessments, and also those which hold that certain properties belonging to the public are exempted by statute from taxation, the decisions are harmonious in holding that the exemptions apply `only to the taxes mentioned in the general tax law.'. . . The requirement of the law under which this assessment was made is that it must be according to the frontage upon Edison Avenue. Detroit Charter, 1904, pp. 182-184. Voigt Park occupies about one-fourth of this entire frontage. It was not assessed. The entire cost was assessed against the remaining three-fourths, and not according to the frontage of each abutting lot. The law governing these assessments cannot be allowed if any frontage is omitted. This park frontage abutting upon the avenue should have been assessed for this paving. It was not exempt from such assessment."
And in New Orleans v. Warner, supra, Mr. Justice Brown, in discussing the question, used this language: "The argument is that public property, being exempt from taxation, is also exempt from these (64) assessments; but the authorities have long recognized a distinction between general taxes, which are for the benefit of the public generally and which in the nature of things the public must directly or indirectly pay, and special assessments for the benefit of particular property, which are a charge upon the property benefited. If this be private property, then each owner of such property pays his share; if it be public property, the city pays it as the agent of the entire body of its citizens, who are assumed to have been benefited to that extent. Charnockv. Fordoche G. T. Special Levee Dist. Co., La. Ann, 323." 16 Ann. Cas., 888 n; Ann. Cas., 1917 D, 849 n.
These decisions fairly illustrate the spirit of the prevailing doctrine that a constitutional exemption from taxation of property belonging to a municipal corporation does not apply to special assessments which are made for local improvements; and this doctrine seems to be supported and fortified by a statute which provides that no lands in a municipality shall be exempt from local assessment. C.S. 2710(4). We therefore hold that in computing the lineal feet of frontage of the lands abutting on the avenue the town common should not have been excluded.
But here another question arises. C.S. 2707, is as follows: "The petition for a local improvement shall be signed by at least a majority in number of the owners, who must represent at least a majority of all the lineal feet of frontage of the lands (a majority in interest of owners of undivided interests in any piece of property to be deemed and treated as one person for the purpose of the petition) abutting upon the street or *Page 67 
streets, or part of a street or streets, proposed to be improved. The petition shall cite this article, and shall designate by a general description the local improvement to be undertaken and the street or streets, or part thereof, whereon the work is to be effected. The petition shall be lodged with the clerk of the municipality, who shall investigate the sufficiency thereof, submit the petition to the governing body, and certify the result of his investigation. The determination of the governing body upon the sufficiency of the petition shall be final and conclusive."
The clerk certified that the petition was signed by a majority in number of the owners of the abutting property, and that they represented a majority of all the lineal feet of frontage. Thereupon, the board of town commissioners adopted a resolution reciting that a majority of those who owned abutting property, representing a majority of the lineal feet of frontage had signed the petition requesting that the avenue be paved and providing that one-half the total cost, not counting the space occupied by the intersecting streets, should be charged against the abutting lots "exclusive of the town common." The board also held that the petition was in compliance with the law, and was "sufficient in all respects." In these circumstances, then, the immediate inquiry is this: Since the common was subject to the special assessment (65) in like manner with other property fronting the avenue, and since it appears from the petition, the clerk's certificate, and the resolution of the board of commissioners that no assessment was made against the common, shall the defendant be denied the right of contesting the alleged validity of the assessment against his property on the ground that the determination of the governing body is final and conclusive?
An affirmative answer would imply the possibility of subordinating the requirements of the law to "the determination of the governing body" of a municipality, and of appropriating the defendant's property without authority of law. It is hardly conceivable that the Legislature, in prescribing the power of such governing body, contemplated or intended such a result.
From what has been said, it follows as a logical conclusion, we think, that the assessment charged against the defendant's property is invalid. While a slight informality of procedure, or a failure to observe a provision which is merely directory, will not generally affect the validity of an assessment, it is nevertheless true that any substantial and material departure from the essential requirements of the law under which the improvement is made will render an assessment therefor invalid. The proceeding discloses a material defect in that the signers of the petition, although a majority in number of the owners, do not represent a majority of all the lineal feet of frontage of the lands abutting upon the improved *Page 68 
avenue, as required by the statute. The charge against the defendant's property, therefore, cannot be sustained. 5 McQuillin on Mun. Corp., sec. 2111, and note; 4 Dillon on Mun. Corp., sec. 1402, and note; Ziegler v.Hopkins, 117 U.S. 683; Ogden v. Armstrong, 168 U.S. 236; Holland v.Baltimore, 11 Md. 186; Greensboro v. McAdoo, 112 N.C. 359; Charlotte v.Brown, 165 N.C. 438.
The judgment is
Affirmed.
Cited: Gastonia v. Cloninger, 187 N.C. 769; Hollingsworth v. MountAiry, 188 N.C. 832; Holton v. Mocksville, 189 N.C. 149; Gallimore v.Thomasville, 191 N.C. 650; R. R. v. Ahoskie, 192 N.C. 262; Jones v.Durham, 197 N.C. 132; Idol v. Hanes, 219 N.C. 726; Raleigh v. Bank,223 N.C. 293; Raleigh v. Public School System, 223 N.C. 329; Cemetery Assoc.v. Raleigh, 235 N.C. 510; Deal v. Sanitary Dist., 245 N.C. 78.