HORACE M. CHAMPION v. VANCE COUNTY BOARD OF HEALTH. S. B. ROGERS. CHAIRMAN; H. T. POWELL, E. M. ROLLINS, DR. R. T. UPCHURCH, DR. H. H. BASS, JR., AND DR. I. H. HOYLE, COMPOSING AND BEING THE VANCE COUNTY BOARD OF HEALTH; VANCE COUNTY, AND S. B. ROGERS, CHAIRMAN; W. W. GRISSON, E. L. FLEMING, W. P. PARRISH AND HENRY HIGHT, COMPOSING THE MEMBERS OF THE BOARD OF COUNTY COMMISSIONERS OF VANCE COUNTY, AND THE NORTH CAROLINA STATE BOARD OF HEALTH.

(Filed 18 March, 1942.)

**1. Mandamus § 1—**

*Mandamus* will lie only to compel the performance of a clear legal duty at the instance of the party having a clear legal right to demand it.

**2. Master and Servant § 53c—**

The procedure for the enforcement of an award of the Industrial Commission when no appeal is taken therefrom is by filing a certified copy of the award in the Superior Court, whereupon said court shall render judgment in accordance therewith and notify the parties. Sec. 61 of the Compensation Act.

**3. Same: Mandamus § 2c—**

*Mandamus* to compel a municipal corporation, governmental agency or public officer to pay a claim is equivalent to execution, and therefore a suit to compel a county board of health to pay an award rendered against it by the Industrial Commission from which no appeal was taken will not lie until judgment on the award has been rendered by the Superior Court in accordance with the procedure outlined by the Compensation Act.

**4. Mandamus § 2c—**

In order to be entitled to *mandamus* to compel a municipal corporation, governmental agency or public officer to pay a claim, plaintiff must allege and prove that there are funds available with which to pay the claim.

**5. Counties § 8b—**

County boards of health are creatures of statute and have only such powers as are conferred upon them by the statutes, either expressly or by necessary implication, C. S., 7064-7075, and they are given no power to tax but derive funds with which to pay salaries and other expenditures required in carrying on the health program of the State, from the State. or county, or both.

**6. Same: Mandamus § 2c: Master and Servant § 53c—**

In this suit for *mandamus* to compel the county board of education to pay an award rendered against it by the Industrial Commission, allegations disclosing that the county board of health operated on funds derived from the county and the State Board of Health, and that it had failed to include in its budget funds for the payment of the award, *are held* to negate the existence of funds available to the county board of health with which to pay the award, and therefore the granting of a writ of *mandamus* directing it to pay the award must be reversed.

APPEAL by defendant Vance County Board of Health, and defendants named composing Vance County Board of Health, from *Harris, J.,* at October Civil Term, 1941, of VANCE.

Civil action in the nature of *mandamus.*

These are, in substance, the allegations set out in the complaint:

(1) That at time in question defendant Vance County Board of Health, duly constituted and composed of members as named in caption of this action, was a subsidiary of Vance County, whose Board of County Commissioners is composed of members, as named in the caption, and of North Carolina State Board of Health, carrying on the public health work of the State Board of Health in Vance County under direction and for benefit of said county and of State Board of Health.

(2) That on 2 April, 1937, plaintiff was employed by Vance County Board of Health as sanitary inspector in carrying on public health work, his salary being fixed and paid by said County Board of Health from funds derived from a tax levied by Vance County "for the purpose of health work" therein, and funds allocated by State Board of Health "for the purpose of carrying on the work of the State Board of Health in Vance County."

(3) That on 1 June, 1938, North Carolina Industrial Commission granted an award of compensation to plaintiff against Vance County Health Department for injuries received by him on 2 April, 1937, by accident arising out of and in the course of employment, for which award Vance County Board of Health is responsible.

(4) That no appeal from said award having been taken, and time therefor having expired, a certified transcript of the award was docketed in office of Clerk of Superior Court of Vance County, and demand made upon Vance County Board of Health, through Vance County Health Department, for payment of the award and same has been refused.

(5) That, although advised by North Carolina State Board of Health so to do, Vance County Board of Health, at time budget for fiscal year 1938-39 was made up for "work and salaries of the employees of the Vance County Board of Health, which consisted of the Vance County Health Department, and included the plaintiff, . . . failed and refused to include in the said budget funds for the payment of the said award. . . ."

(6) That defendants Vance County Board of Health, Vance County and North Carolina State Board of Health are jointly and severally liable for the said award, and it is their duty to pay and plaintiff is justly entitled to receive of them the full amount granted; and in failing to make payment thereof said "defendants are in disobedience of the law in such cases made and provided."

4—221

(7) That it is the duty of individuals constituting the Vance County Board of Health, the Board of County Commissioners of Vance County and the North Carolina State Board of Health to make provision for the immediate payment of said award.

Upon these allegations plaintiff prays: For a writ of *mandamus* directed to all defendants, commanding that they forthwith pay the award in full, and "take such legal steps as may be necessary to provide for the payment of said award," and for such other and further relief as the court may deem just and proper.

It is noted in the record that demurrers filed by defendants Board of County Commissioners of Vance County and North Carolina State Board of Health were sustained, and that same are not necessary to an understanding of this appeal.

Upon hearing at October Civil Term, 1941, it being made to appear that all members of Vance County Board of Health were personally served with summons in this action, and have filed no pleading, time for which has expired, the court finds, briefly stated, these facts:

1. That on 2 April, 1937, plaintiff suffered injury by accident, arising out of and within course of his employment by the Vance County Board of Health, for which award as described was granted by the North Carolina Industrial Commission.

2. That the award was duly docketed in office of Clerk of Superior Court of Vance County, and the Board of Health of said county has refused to pay same.

3. That the award is proper, that no appeal has been taken therefrom and that Vance County Board of Health is liable and responsible for and ought to pay the full payment thereof.

Thereupon the court adjudged that plaintiff is entitled to a writ of *mandamus* against the defendants, S. B. Rogers, Chairman; H. T. Powell, E. M. Rollins, Dr. R. T. Upchurch, Dr. H. H. Bass, Jr., and Dr. I. H. Hoyle, composing and being the Vance County Board of Health, commanding them to pay to plaintiff, or to his attorneys, on or before 10 November, 1941, the full sum of the said award, and ordered that such writ be served upon them by the sheriff of Vance County.

Said defendants appeal therefrom to Supreme Court and assign error.

*Gholson & Gholson and Thomas Ruffin for plaintiff, appellee.*
*Irvine B. Watkins for defendants, appellants.*

WINBORNE, J. It is well settled in this State that "*Mandamus* lies only to compel a party to do that which it is his duty to do without it. It confers no new authority. The party seeking the writ must have a clear legal right to demand it, and the parties to be coerced must be

under legal obligation to perform the act sought to be enforced." *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481; *White v. Comrs. of Johnston County,* 217 N. C., 329, 7 S. E. (2d), 825, and cases there cited.

Applying these principles to the facts alleged in the complaint and found by the court, we are of opinion that plaintiff fails to show clear legal right to *mandamus.*

In the first place, it is not alleged and found as a fact that a judgment has been rendered on the award of the North Carolina Industrial Commission.

The rights and remedies granted under the North Carolina Workmen's Compensation Act to an employee where he and his employer, respectively, have accepted the provisions of the act to pay and accept compensation on account of personal injury or death by accident are exclusive, and exclude all other remedies. P. L. 1929, ch. 120, sec. 11. *Bright v. Motor Lines,* 212 N. C., 384, 193 S. E., 391; *Tscheiller v. Weaving Co.,* 214 N. C., 449, 199 S. E., 623.

And while under the Act an award of the Industrial Commission, if not reviewed in due time, sec. 58, or upon such review, sec. 59, is conclusive and binding as to all questions of fact, sec. 60, the procedure prescribed for the enforcement of the award, set forth in sec. 61, in so far as pertinent to case in hand, is that any party in interest may file in Superior Court of the county in which the injury occurred a certified copy of an award of the Commission unappealed from, whereupon said court shall render judgment in accordance therewith and notify the parties. It is further provided that such judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same as though judgment had been rendered in a suit duly heard and determined by said court. This is the only method prescribed for the enforcement of an award of the Industrial Commission.

Whether the rendition of such judgment by the Superior Court be mandatory, as appears to be the rule in the Commonwealth of Virginia, *Richmond Cedar Works v. Harper,* 129 Va., 481, 106 S. E., 516, and *Parrigen v. Long,* 145 Va., 637, 134 S. E., 562, or a judicial act, as the rule appears to be in the State of Illinois, *Fico v. Industrial Commission,* 353 Ill., 74, 186 N. E., 605, and in the Commonwealth of Massachusetts, *In re Employers Liability Assurance Corporation,* 215 Mass., 497, 102 N. E., 697, an award is not enforceable by execution or other process until judgment is entered thereon as provided and in the court designated in the Act. 71 C. J., 1425, Workmen's Compensation Act, sec. 1378. See, also, *Oren v. Swift & Co.,* 330 Mo., 869, 51 S. W. (2d), 59.

*Mandamus* as sought in this action may be considered the equivalent of execution, *Bear v. Comrs.,* 124 N. C., 204, 32 S. E., 558; *Withers v. Comrs.,* 163 N. C., 341, 79 S. E., 615; *Casualty Co. v. Comrs. of Saluda,*

214 N. C., 235, 199 S. E., 7; *Dry v. Drainage Comrs.*, 218 N. C., 356, 11 S. E. (2d), 143, and there must be a judgment upon which to predicate it.

In the second place the complaint negatives the existence of available funds with which to pay the award of compensation.

The failure to allege and prove that there are available funds to pay plaintiff's claim goes to the very root of this proceeding. Hence, if there are no funds available with which to pay plaintiff's award, a writ of *mandamus* would not issue to require the Board of Health to do an impossible act. See *Woodcock v. Board of Education* (Utah), 187 Pac., 181, 10 A. L. R., 181, wherein the Supreme Court of Utah, speaking to an analogous factual situation, expresses the principle in this manner: "While it is true that a public officer or board may by *mandamus* be coerced to pay a particular claim, yet it is also true that, in order to obtain a peremptory writ of mandate to require an officer or board to pay public funds, it must be alleged, and, if denied, proved, that such officer or board has funds with which to pay that particular claim. To that effect are all the authorities," citing cases.

The general rule is that county boards of health and other administrative agencies, being creatures of statute, have only such powers as are conferred upon them by statute, either expressly or by necessary implication. 25 Am. Jur., 289-293, in Health, secs. 5-11.

In this State the creation of county boards of health is authorized, and their powers and duties are defined and set forth by statute, secs. 7064 to 7075, as amended, parts of ch. 118 of the Consolidated Statutes of North Carolina which pertains to the administration of public health laws of the State. It is provided in C. S., 7065, that the county board of health shall have immediate care and responsibility of the health interest of the county, and make such rules and regulations, pay such bills and salary and impose such penalties as in their judgment may be necessary to protect and advance the public health, but that all expenditures, before being paid, shall be approved by the Board of County Commissioners. *Halford v. Senter et al.*, 169 N. C., 546, 86 S. E., 525. No power to tax is given. Nevertheless, the statute indicates that a county board of health is a subordinate governmental agency (referred to by *Hoke, J.*, in case of *Board of Health v. Comrs.*, 173 N. C., 250, 91 S. E., 1019, as a public *quasi*-corporation), which of necessity must derive funds either from the State or county, or both, with which to pay salaries or other expenditures required in carrying on the health program of the State.

Thus, while holding, as we do, that the required allegations in respect to available funds are lacking, it must be understood that we are not holding that a county board of health may not be required to put in

motion such legal machinery as it may have for obtaining, and to obtain from authorized sources funds with which to pay an award of compensation to its employee injured by accident arising out of and in the course of his employment. *Cf. Woodcock v. Board of Education, supra.* In this connection, while the question is not now presented, what is "employment," "employer," or "employee" within the meaning of the North Carolina Workmen's Compensation Act, P. L. 1929, ch. 120, sec. 2 (a) (b) and (c), may be of concern in determining future procedure.

For the reasons stated the judgment below is

Reversed.