CITY OF RALEIGH, A MUNICIPAL CORPORATION, v. RALEIGH CITY ADMINISTRATIVE UNIT AND DISTRICT OF THE STATE PUBLIC SCHOOL SYSTEM.

(Filed 14 July, 1943.)

**1. Municipal Corporations § 34: Schools § 30—**

Lands owned by "The School Committee of Raleigh Township, Wake County," and used exclusively for public school purposes, are liable for assessment for street improvements made by the city of Raleigh under Art. 9, ch. 56, of the Consolidated Statutes.

**2. Constitutional Law § 4b: Taxation § 19—**

While the Constitution of North Carolina provides that property belonging to the State or to municipal corporations shall be exempt from taxation (Art. V, sec. 5), assessments on public school property for special benefits thereto, caused by the improvement of the street on which it abuts, are not embraced within the prohibition.

**3. Mandamus § 1—**

*Mandamus* lies only to compel a party to do that which it is his duty to do without it. It confers no new authority. The party seeking the writ must have the clear legal right to demand it, and the parties to be coerced must be under legal obligation to perform the act sought to be enforced.

**4. Mandamus § 2c: Schools § 30—**

In the absence of allegation and proof that funds are available, *mandamus* lies to compel the proper school authorities to raise funds by taxation with which to pay a valid assessment for street improvements, as it would be against public policy to enforce collection of the assessment by foreclosure.

WINBORNE, J., dissenting.

STACY, C. J., and BARNHILL, J., concur in dissenting opinion.

APPEAL by plaintiff and defendant from *Burney, J.,* at February Term, 1943, of WAKE. Affirmed.

Civil action to collect unpaid assessments charged for local improvements against several lots owned by the defendant in the city of Raleigh.

The defendant admitted the improvements were made and the assessments duly levied, but denied that the assessments were enforceable against its property, for that the same was owned and used exclusively for public school purposes. Defendant also pleaded the ten years' statute of limitations as a bar to all installments which became due ten years or more before the institution of the action. It was admitted that summons and complaint were delivered to the sheriff for service on 30 September, 1942, and served 5 October, 1942.

The case was heard below on an agreed statement of facts, from which the court made the following conclusions of law:

"(1) That the properties of defendant, therein described, are not exempt from assessment for local improvements levied pursuant to Article 9 of chapter 56 of the Consolidated Statutes of North Carolina.

"(2) That it is the legal duty of the Raleigh City Administrative Unit and District of the State Public School System to make provision in its annual budget for the payment of special assessments duly levied upon its properties where such assessments are due and payable, and the collection thereof is not barred by the statute of limitations.

"(3) That defendant having made no objection, plaintiff had the legal right to make assessments for local improvements, payable in ten equal annual installments, bearing interest at the rate of six per centum per annum payable on the first Monday in October after assessment is confirmed, notwithstanding that defendant, as the property owner, did not give to plaintiff notice in writing within thirty days, or any time, that it would elect to pay the assessments in annual installments, and that said assessments did not become due and payable in a lump sum by reason of failure of defendant to give such notice.

"(4) That all assessment installments, which became due and payable ten years prior to 30 September, 1942, the date on which summons in this action was delivered to the sheriff of Wake County for service on defendant, are barred by the ten-year statute of limitation as embraced in section 1, chapter 331, Public Laws 1929, designated section 2717 (a) of Consolidated Statutes of North Carolina, as pleaded by defendant.

"(5) That no assessment installment which became due and payable less than ten years prior to 30 September, 1942, is barred by the ten-year statute of limitation.

"(6) That *mandamus,* directing defendant to include in its annual budget the amount of all overdue assessment installments not barred by the statute of limitations, is the proper remedy of plaintiff to enforce the collection of said assessments—such remedy being impliedly authorized by Article 9 of chapter 56 of the Consolidated Statutes of North Carolina."

It was thereupon adjudged (1) that the principal of the several unpaid assessment installments which were not barred under the rule stated, with accrued interest, are liens on the specific parcels of real property against which the assessments were levied; (2) that the said properties being owned and used exclusively for public school purposes, a foreclosure of said liens is against public policy; (3) that the defendant include one-third of said amounts in its budget for each of the fiscal years, beginning 1 July, 1943, 1944, and 1945, respectively, to be applied in payment and satisfaction of said liens, and defendant is ordered to make such payments.

The amounts chargeable to each specific lot described in the pleadings were set out in detail in the judgment.

Both plaintiff and defendant excepted to the judgment and appealed to this Court.

*P. H. Busbee and John G. Mills, Jr., for plaintiff.*
*Jones & Brassfield for defendant.*

DEFENDANT'S APPEAL.

DEVIN, J. Two questions are presented for decision by the defendant's appeal.

1. Were the lands owned by "The School Committee of Raleigh Township, Wake County," and used exclusively for public school purposes, liable for assessment for street improvements made by the city of Raleigh under the provisions of Article 9, chapter 56, of the Consolidated Statutes, on the dates when the assessments were levied and confirmed by the city of Raleigh as shown in the statement of facts?

We think the answer to this question must be in the affirmative. While the Constitution of North Carolina provides that property belonging to the State or to municipal corporations shall be exempt from taxation (Art. V, sec. 5), assessments on public school property for special benefits thereto caused by the improvement of the street on which it abuts are not embraced within the constitutional prohibition.

In *Tarboro v. Forbes,* 185 N. C., 59, 116 S. E., 81, where this question was considered and decided against exemption, *Adams, J.,* speaking for the Court, states the law as follows: "But there is a distinction between local assessments for public improvements and taxes levied for purposes of general revenue. It is true that local assessments may be a species of tax, and that the authority to levy them is generally referred to the taxing power, but they are not taxes within the meaning of the term as generally understood in constitutional restrictions and exemptions. They are not levied and collected as a contribution to the maintenance of the general government, but are made a charge upon property on which are conferred benefits entirely different from those received by the general public. They are not imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue, but upon a limited class in return for a special benefit."

Furthermore, in the Local Improvement Act itself, C. S., 2710 (4), it is expressly provided that: "No lands in the municipality shall be exempt from local assessment." In *Winston-Salem v. Smith,* 216 N. C., 1, 3 S. E. (2d), 328, *Winborne, J.,* writing the opinion, uses this language: "By the statute imposing the assessment the Legislature has the power to determine what property is benefited by the improvement and when it does its determination is conclusive upon the owners and the courts." Compare *Greensboro v. Bishop,* 197 N. C., 748, 150 S. E., 495.

It appears from the agreed statement of facts in this case that the petition for paving the several streets to which the controversy relates was signed in the name and under the authority of the School Committee, by its chairman, and that without such signature the petition would not have been sufficient for the improvement to have been made.

2. Is *mandamus,* directing the Raleigh City Administrative Unit to make provision in its annual budget for the payment of the special assessments in controversy in this action, the proper remedy for the enforcement of collection of the assessments? The answer is Yes.

It is well settled in this State that *"mandamus* lies only to compel a party to do that which it is his duty to do without it. It confers no new authority. The party seeking the writ must have the clear legal right to demand it, and the parties to be coerced must be under legal obligation to perform the act sought to be enforced," *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481; *White v. Comrs. of Johnston County,* 217 N. C., 329, 7 S. E. (2d), 825, and cases there cited. Also *Champion v. Board of Health,* 221 N. C., 96, 19 S. E. (2d), 239.

The school property in question being subject to assessment for public improvements, within the meaning of the Local Improvement Act, now Article 9 of chapter 56 of Consolidated Statutes, and the amount of the assessments having been established by judgment in this case, the plaintiff has the clear legal right to have the assessments and interest thereon paid, and, upon default thereof, to enforce the collection. But, as the property is held and used exclusively for public school purposes, the court properly ruled that it would be against public policy to enforce collection of the assessments by foreclosure sale of the property. On the other hand, the amount of assessments having been so established, it follows that the proper school authority is under clear legal duty to pay the assessments, if funds be available for that purpose, and *mandamus* would lie to compel such payment. *Champion v. Board of Health, supra; Drainage District v. Comrs.,* 174 N. C., 738, 94 S. E., 530. See also Annotations 95 A. L. R., 689, at page 700. But if funds be not available, the proper school authority is under clear legal duty to put in motion machinery prescribed by law for raising funds by taxation with which to pay the assessments, and *mandamus* would lie to compel the performance of such duty. In the absence of allegation and proof that funds are available for the purpose, *mandamus* lies to compel performance of the legal duty to raise funds therefor. *Hickory v. Catawba County,* 206 N. C., 165, 173 S. E., 56. Compare *Champion v. Board of Health, supra.*

In this connection it appears from the agreed facts that defendant Raleigh City Administrative Unit was set up under the provisions of section 4 of the School Machinery Act of 1933, chapter 562, to embrace and embracing the territory theretofore within the boundary of the Raleigh Township special charter district over which "The School Committee of Raleigh Township, Wake County," a body corporate, exercised the powers granted in its charter. By the same section of the School Machinery Act of 1933 the special charter district was declared non-

existent, and the Raleigh City Administrative Unit became the adminis-
trative agency, and "The School Committee," as "trustees of the former
district," using the language of *Seawell, J.,* in *Bridges v. Charlotte,* 221
N. C., 472, 20 S. E. (2d), 825, "were retained only as a local administra-
tive body of that unit, shorn of all administrative authority other than
that which they get from the School Machinery Act." See also *Evans
v. Mecklenburg County,* 205 N. C., 560, 172·S. E., 323. And it became
the duty of the Raleigh City Administrative Unit, as such administrative
agency, to file with the tax levying authorities annual budgets requesting,
among other things, funds for debt service and capital outlay. Section
17 of the School Machinery Act. Thus, *mandamus* was properly granted
in the judgment from which this appeal is taken.

### PLAINTIFF'S APPEAL.

The plaintiff's appeal is based upon exception to the ruling below
that installments of assessments ten years past due when the action was
instituted are barred by the statute of limitations. C. S., 2717 (a).

This question was presented and decided in *Raleigh v. Bank, ante,*
286, where the ruling complained of was affirmed. Hence, on the author-
ity of that decision, we hold that the bar of the statute applies to all
installments of assessments which became due and payable ten years
prior to 30 September, 1942. The amounts found collectible and those
held barred are set out in the judgment.

On defendant's appeal: Affirmed.

On plaintiff's appeal: Affirmed.

WINBORNE, J., with whom STACY, C. J., and BARNHILL, J., concur,
concurring in part and dissenting in part: The decision on plaintiff's
appeal here is predicated on decision on plaintiff's appeal in No. 449,
*Raleigh v. Bank, ante,* 286, and is contrary to our views there expressed.
We, therefore, dissent here upon the grounds stated there.

We concur in the disposition of the defendant's appeal.