RALEIGH CEMETERY ASSOCIATION v. CITY OF RALEIGH.

(Filed 30 April, 1952.)

**Municipal Corporations § 32: Taxation § 20—**

Property held by a nonprofit cemetery association *is held* subject to assessment for public improvements notwithstanding the provisions of G.S. 105-296 (2) and the provision of the association's charter that its property be exempt from assessment and taxation, since the statutory and charter exemptions relate to *ad valorem* taxes, and further, an exemption from assessment for public improvements would in any event be unconstitutional. No burial lots had been sold and no interments made, and therefore whether public policy would forbide the sale of a grave lot is not presented.

APPEAL by defendant from *Hatch, Special Judge,* March Term, 1952, of WAKE.

The City Council of the City of Raleigh, a municipal corporation, pursuant to the provisions of Article 9, Chapter 160, of the General Statutes of North Carolina, has adopted a resolution approving a petition for local improvements to certain streets in the municipality including Madison and Monroe Drives, which real property of the plaintiff abuts. The plaintiff instituted this action to restrain the City from making a local improvement assessment against its property in view of the provision in its charter (ratified by the General Assembly of North Carolina 26 February, 1869), which provides: "That the real estate of said corporation, and the burial plots conveyed by said corporation to individual proprietors, shall be exempt from assessment and taxation, . . ."

The property involved consists of 31.3 acres of land owned by the plaintiff since 1888, and held by it for cemetery purposes, no part of

which has been divided into burial plots and no interments have been made thereon.

The court below entered judgment to the effect that the City of Raleigh, by virtue of the provision contained in the plaintiff's charter, was prohibited from confirming or collecting any public improvement assessment against the aforesaid lands of the plaintiff; but, since the defendant agreed to delay any further action, in the matter at issue, until a decision of this Court was obtained, and further agreed to abide by such decision, the injunctive relief sought by the plaintiff was not granted.

From the judgment entered the defendant appeals and assigns error.

*James H. Pou Bailey and George F. Bason for plaintiff, appellee.*
*Paul F. Smith for defendant, appellant.*

DENNY, J. The question posed for determination is simply this: Does the above provision in the plaintiff's charter exempt its real property, held for burial purposes, from local improvement assessments? The answer must be in the negative.

Article V, section 5, of our State Constitution, contains the following provisions: "Property belonging to the State or to municipal corporations, shall be exempt from taxation. The General Assembly may exempt cemeteries and property held for educational, scientific, literary, charitable or religious purposes; . . ."

The constitutional provision to the effect that property belonging to the State and to municipal corporations, shall be exempt from taxation, is self-executing and requires no legislation to make it effective. *Hospital v. Guilford County*, 218 N.C. 673, 12 S.E. 2d 265; *Hospital v. Rowan County*, 205 N.C. 8, 169 S.E. 805; *Andrews v. Clay County*, 200 N.C. 280, 156 S.E. 855. Even so, this Court has uniformly held that property belonging to municipal corporations is not exempt from assessment for local improvements. *Raleigh v. Public School System*, 223 N.C. 316, 26 S.E. 2d 591; *Raleigh v. Bank*, 223 N.C. 286, 26 S.E. 2d 573; *Hollingsworth v. Mount Airy*, 188 N.C. 832, 125 S.E. 925; *Tarboro v. Forbes*, 185 N.C. 59, 116 S.E. 81. In the last cited case, *Adams, J.,* in speaking for the Court, said: "Both the Constitution of North Carolina and the statute law provide that property belonging to the State or to municipal corporations shall be exempt from taxation. . . . But there is a distinction between local assessments for public improvements and taxes levied for purposes of general revenue. It is true that local assessments may be a species of tax, and that the authority to levy them is generally referred to the taxing power, but they are not taxes within the meaning of that term as generally understood in constitutional restrictions and exemptions. They are not levied and collected as a contribution to the main-

tenance of the general government, but are made a charge upon property on which are conferred benefits entirely different from those received by the general public. They are not imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue, but upon a limited class in return for a special benefit."

And *Devin, J.* (now *Chief Justice*), in speaking for the Court in *Raleigh v. Public School System, supra,* said: "While the Constitution of North Carolina provides that property belonging to the State or to municipal corporations shall be exempt from taxation (Art. V, sec. 5), assessments on public school property for special benefits thereto caused by the improvement of the street on which it abuts are not embraced within the constitutional prohibition."

In 48 Am. Jur., section 98, page 649, it is said: "The general rule that exemption from taxation does not mean exemption from a special or local assessment, applies with respect to cemetery property," citing *Hollywood Cemetery Asso. v. Powell,* 210 Cal. 121, 291 Pac. 397, 71 A.L.R. 310; *Adams County v. Quincy,* 130 Ill. 566, 22 N.E. 624, 6 L.R.A. 155; *Garden Cemetery Corp. v. Baker,* 218 Mass. 339, 105 N.E. 1070, Ann. Cas. 1916B 75; *Macon v. Patty,* 57 Miss. 378, 34 Am. Rep. 451; *Lima v. Cemetery Asso.,* 42 Ohio St. 128, 51 Am. Rep. 809; *Philadelphia v. Union Burial Ground Soc.,* 178 Pa. 533, 36 A. 172, 36 L.R.A. 263; *In re City of Seattle,* 59 Wash. 41, 109 Pac. 1052, Ann. Cas. 1912A 1047.

Real property set apart for burial purposes, in this State, is exempt from taxation, unless the property is held for personal or private gain. G.S. 105-296 (2). Hence, the property of the plaintiff is exempt from *ad valorem* taxes both under the provision contained in its charter and the general law. But, neither the provision in its charter nor the general law authorizes its exemption from a local improvement assessment made pursuant to and in conformity with the law authorizing such assessment. No land in a municipality is exempt from assessment for local improvements. Chapter 56, Section 8, Public Laws of 1915, C.S. 2710, now G.S. 160-85 (4); *Winston-Salem v. Smith,* 216 N.C. 1, 3 S.E. 2d 328; *Raleigh v. Public School System, supra.*

Moreover, in our opinion, the exemption from "assessment and taxation" granted to the plaintiff in its charter was intended by the Legislature to exempt its real estate, held for burial purposes, from assessment for *ad valorem* taxes only, and not from assessment for local improvements.

Any intent or attempt, on the part of the Legislature, to grant an exemption from any tax or assessment on real property, pursuant to the provisions of Article V, Section 5, of our Constitution, other than for *ad valorem* taxes, would, under our decisions, be without constitutional authorization. *Hospital v. Guilford County, supra; Odd Fellows v.*

*Swain,* 217 N.C. 632, 9 S.E. 2d 365; *Stedman v. Winston-Salem,* 204 N.C. 203, 167 S.E. 813.

We express no opinion on whether public policy would forbide the sale of a burial plot, in which an interment had been made, for the satisfaction of a local improvement assessment. This question is not presented on this appeal and any expression of opinion thereon would be *obiter dictum.* Nevertheless, for the reasons herein stated, the judgment of the court below is

Reversed.