J. R. BRYANT, WIDOWER OF MRS. GRACE BRYANT v. GEORGE R. POOLE. T/A POOLE KNITTING COMPANY.

(Filed 8 April, 1964.)

**1. Master and Servant §§ 82, 91—**

The Industrial Commission is an administrative board having quasi-judicial functions with its jurisdiction limited to that conferred by statute, and its award is not a judgment within the meaning of G.S. 1-47(1).

**2. Same;  Judgments § 43—**

The ten-year limitation of G.S. 1-47(1) must be computed on an award of the Industrial Commission from the time judgment of the Superior Court is rendered upon the certified copy of the award filed in the Superior Court in conformity with G.S. 97-87, and not from the date the award was entered by the Industrial Commission. Further, delay of less than six months in filing a certified copy of the award in the Superior Court *held* not unreasonable.

**3. Statutes § 5—**

While the caption of a statute may be considered in proper instances in its construction, the caption cannot control the text when the text is clear, especially when the caption is prepared by compilers rather than the person preparing the bill.

APPEAL by defendant from *Olive, Emergency Judge,* January 1964 Civil Session of DAVIDSON.

This action was instituted May 10, 1963, to recover on a judgment entered June 3, 1953, in the Superior Court of Davidson County, North

Carolina. A jury trial was waived. The determinative facts, set forth below, are not controverted.

In a proceeding under the Workmen's Compensation Act in which J. R. Bryant, plaintiff herein, as widower of Mrs. Grace Bryant, was the plaintiff, and George R. Poole, trading as Poole Knitting Company, defendant herein, designated therein as "Non-Insurer," was the defendant, the Industrial Commission, on January 12, 1953, entered an award providing:

"1. That defendant shall pay compensation to J. R. Bryant, Widower of Mrs. Grace Bryant, deceased employee, at the rate of $14.36 per week for a period of 350 weeks.

"2. Defendant shall pay the funeral expenses of the deceased employee in the sum of $200.00 to the proper person entitled to collect same.

"3. Defendant shall pay all medical and hospital bills incident to the injury by accident suffered by the deceased employee when the same have been submitted to and approved by the Industrial Commission.

"4. Defendant shall pay the costs of the hearing, including therein a $20.00 fee for Dr. R. L. McDonald of Thomasville, North Carolina, for testifying at the hearing.

"5. That a fee of $600.00 is approved for plaintiff's attorney, Mr. J. F. Spruill of Lexington, North Carolina, said sum to be deducted from the compensation due the plaintiff and paid direct to said attorney."

There was no appeal from said award. On May 29, 1953, plaintiff filed a certified copy of said award in the office of the Clerk of the Superior Court of Davidson County. On June 3, 1953, during the May-June Civil Term of Davidson Superior Court, his Honor, William T. Hatch, the Presiding Judge, after reciting in detail the facts underlying and relating to said award, upon motion of J. F. Spruill, Attorney for plaintiff, ordered and adjudged that plaintiff have and recover of defendant substantially as provided in said award.

In compliance with G.S. 97-87, all parties were notified of said judgment of June 3, 1953. Between January 12, 1953, and June 3, 1953, five civil terms of superior court were held in Davidson County.

The said judgment of June 3, 1953, was duly entered upon the minute and judgment dockets in the office of the Clerk of the Superior Court of Davidson County. Execution issued thereon October 10, 1955, was returned by the Sheriff of Davidson County with this notation:

"After due and diligent search there cannot be found in Davidson County sufficient property belonging to the defendant to levy on."

Defendant, in his answer, pleaded the ten-year statute of limitations, specifically G.S. 1-47(1), in bar of plaintiff's right to recover in this action.

The court, upon findings of fact substantially as stated above, entered judgment that plaintiff have and recover of defendant as provided in said judgment of June 3, 1953.

Defendant excepted and appealed.

*Charles F. Lambeth, Jr., for plaintiff appellee.*
*Wilson & Saintsing for defendant appellant.*

BOBBITT, J.   Defendant excepted to and assigns as error the denial of his motion for judgment of nonsuit. He asserts, as the sole basis for his position, that the uncontroverted facts show plaintiff's action is barred by the statute of limitations.

The statutory provision pleaded and relied on by defendant is G.S. 1-47(1). It provides that the period prescribed for the commencement of an action "(u)pon a judgment or decree of any court of the United States, or of any state or territory thereof," is ten years "from the date of its rendition."

Plaintiff's action, instituted May 10, 1963, is based on the judgment of the Superior Court of Davidson County rendered June 3, 1953, — not on the Industrial Commission's award of January 12, 1953. Plaintiff contends, in substance, that upon rendition thereof the judgment had the same effect and status in all respects as a judgment rendered June 3, 1953, *in a suit* duly heard and determined by the Superior Court of Davidson County.

Defendant contends, in substance, that the award of January 12, 1953, was a final determination of the rights and liabilities of plaintiff and defendant *inter se;* that it was *a judgment* of *a court* within the meaning of G.S. 1-47(1); and that the judgment of June 3, 1953, while necessary to establish a lien or to enforce payment by execution, constituted a recognition rather than an adjudication of defendant's obligation to plaintiff.

"The Industrial Commission is not a court of general jurisdiction. It is an administrative board with quasi-judicial functions and has a special or limited jurisdiction created by statute and confined to its terms." *Letterlough v. Atkins,* 258 N.C. 166, 168, 128 S.E. 2d 215, and cases cited; *Clark v. Ice Cream Co.,* 261 N.C. 234, 238, 134 S.E. 2d 354, and cases cited.

Conceding an award of compensation by the Industrial Commission has certain characteristics of a judgment, 58 Am. Jur., Workmen's Compensation § 484, such award, in our opinion, is not a judgment of a court within the meaning of G.S. 1-47(1). The Workmen's Compensation Act does not provide for the enforcement of an award of the Industrial Commission by execution or otherwise. *Nor does it authorize or contemplate the institution and maintenance of a civil action based on such award.* The exclusive remedy of plaintiff (claimant) in the proceeding under the Workmen's Compensation Act was that provided by G.S. 97-87. *Champion v. Board of Health,* 221 N.C. 96, 19 S.E. 2d 239. Procedure was provided whereby he could obtain a judgment of the superior court of the county in which the injury (death) occurred based on such award and thereafter proceed in relation to such judgment "as though said judgment had been rendered in a suit duly heard and determined by said court."

In *Champion v. Board of Health, supra,* the plaintiff, who had obtained an award in a proceeding under the Workmen's Compensation Act, instituted a civil action for a writ of *mandamus* to enforce payment thereof. It was not alleged or established that a judgment had been rendered on the award of the Industrial Commission. Relevant to this point, this Court, reversing a judgment for plaintiff, in opinion by Winborne, J. (later C.J.), said: "Whether the rendition of such judgment by the Superior Court be mandatory, as appears to be the rule in the Commonwealth of Virginia (Citations), or a judicial act, as the rule appears to be in the State of Illinois (Citation), and in the Commonwealth of Massachusetts (Citation), an award is not enforceable by execution or other process until judgment is entered thereon as provided and in the court designated in the Act. 71 C.J. 1425, Workmen's Compensation Act, sec. 1378." See 101 C.J.S., Workmen's Compensation § 846.

The relevant statute, in pertinent part, provides: "§ 97-87. (Agreements approved by Commission or awards may be filed as judgments; discharge or restoration of lien.) — Any party in interest may file in the superior court of the county in which the injury occurred a certified copy of a memorandum of agreement approved by the Commission, or of an order or decision of the Commission, or of an award of the Commission unappealed from or of an award of the Commission affirmed upon appeal; whereupon *said court shall render judgment* in accordance therewith, and notify the parties. *Such judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same, as though said judgment had been rendered in a suit duly heard and determined by said court: . . .*" (Our italics). The portion enclosed in parentheses is a caption.

Defendant, stressing the words, "awards may be filed as judgments," appearing in the caption of G.S. 97-87, suggests that an award, if and when a certified copy thereof is filed as prescribed, becomes a judgment of the superior court. G.S. 97-87 is a codification of Section 61, Chapter 120, Public Laws of 1929, "The North Carolina Workmen's Compensation Act." Section 61 has no caption. Presumably, the caption now appearing in G.S. 97-87 was intended by the codifier to indicate generally the subject matter of the statutory provision. Be that as it may, as succinctly stated by *Clark, C.J.*: "Though the caption of a statute may be called in aid of construction, it cannot control the text when it is clear. (Citations). Especially is this true as to the headings of a section in the Code prepared by the compilers. (Citation)." *In re Chisholm's Will,* 176 N.C. 211, 96 S.E. 1031; *Sims v. Insurance Co.,* 257 N.C. 32, 36, 125 S.E. 2d 326. The text of G.S. 97-87 is clear. The judgment referred to therein is a judgment of the superior court, — not an award of the Industrial Commission. *Champion v. Board of Health, supra.*

Defendant suggests an analogy between an award of the Industrial Commission and a judgment of a justice of the peace. Material differences include the following: When a transcript of a judgment of a justice of the peace is filed and docketed in accordance with G.S. 7-166, the statute expressly provides that such judgment "shall be a judgment of the superior court in all respects *for the purposes of lien and execution.*" (Our italics). Too, under prescribed circumstances, execution may be issued *by a justice of the peace* on a judgment rendered in his court. G.S. 7-170 *et seq.* An action may be brought on a judgment rendered by a justice of the peace. *Oldham v. Rieger,* 148 N.C. 548, 62 S.E. 612, and cases cited. The period (now) prescribed for the commencement of an action on such judgment is ten years "from its date." Session Laws 1961, Chapter 115, Section 2, now codified as G.S. 1-47(1.1).

Defendant calls attention to the absence of a statutory provision prescribing the time within which a certified copy of the award may be filed in the superior court and judgment obtained thereon as provided in G.S. 97-87. On this appeal, we need not determine under what circumstances a claimant may be precluded from obtaining such judgment. Here plaintiff filed such certified copy on May 29, 1953, at which time only a small proportion of the (350) weekly payments had become due. This negatives any suggestion of unreasonable delay. Incidentally, it is noted that *any interested party* was at liberty to file such certified copy.

Our conclusion is that the judgment rendered by the Superior Court of Davidson County on June 3, 1953, has the same effect and status in

all respects as a judgment then rendered in a suit duly heard and determined by said court; that plaintiff's action on said judgment is a proceeding "in relation thereto" within the meaning of G.S. 97-87; and that plaintiff's action, having been instituted within ten years from June 3, 1953, is not barred by G.S. 1-47(1). Hence, the judgment of the court below is affirmed.

Apparently, the precise question is one of first impression; and counsel are to be commended for the able manner in which their briefs present their respective contentions.

Affirmed.